SECOND DISTRICT—MAY TERM, 1888.   371

Kankakee Coal Co. v. Crane Bros. Mfg. Co.

THE KANKAKEE COAL COMPANY ET AL.

V.

CRANE BROTHERS MANUFACTURING CO.

28   371
143s 379.
28    371,
206s   538

*Mechanic's Lien—Petition to Enforce—Sufficiency of—Engine—Coal Lands—Contract—Time of Delivery—Rights of Mortgayees—Practice.*

1.  Upon a petition to enforce a mechanic's lien for a hoisting engine, it is *held:* That the petition shows with sufficient accuracy where the engine was to be placed; that, as the time within which it was to be furnished was not fixed, the law implies that it should be within a reasonable time; and that there was no error in excluding evidence.

2.  When the contract, as set forth in the petition to enforce a mechanic's lien, is admitted to be correct, it is not error to refuse to allow the introduction in evidence of the original.

3.  Where it is admitted, in a stipulation entered into for the purpose of dispensing with proofs, that certain notes are overdue and unpaid, a failure to produce the same upon trial, no demand having been made for them, is no ground for reversal.

4.  One defendant can not assign for error matters which do not affect him, but only affect a co-defendant who is not complaining and has not appealed.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. STEPHEN R. MOORE, for appellants.

It is not the mere furnishing the materials or doing the labor which creates the lien, but it is the contract of the parties and the furnishing of the materials under the contract, which have that effect.   Kinney v. Sherman et al., 28 Ill. 520; Cook v. Vreeland, 21 Ill. 431; Sutherland v. Ryerson et al., 24 Ill. 520.

I understand the law to be that the parties must contract with the agreement that the material must be used on a specific piece of land, and the proof must establish this contract.

The mechanic's lien law, being in derogation of the common law, and creating privileges and benefits not conferred

372    APPELLATE COURTS OF ILLINOIS.

VOL. 28.]      Kankakee Coal Co. v. Crane Bros. Mfg. Co.

on other creditors, must be strictly construed. Huntington v. Barton, 64 Ill. 502.

The act will not be extended to cases unless they fall clearly within its provisions. Carney v. Tully, 74 Ill. 375; Canisius et al. v. Merrill, 65 Ill. 67; Witherell v. Ohlendorf, 61 Ill. 283.

There will be no claim urged that this machine was made under an express contract. No time was agreed upon for the completion of the engine. It is not so averred in the petition, nor sustained by the evidence. Defendants in error could not have been sued for a failure of the contract set out in the petition, if not performed in five years. It was claimed in the Circuit Court that a reasonable time was to be inferred in which it was to be built; but this does not meet the requirements of the law. In Fish v. Stubbings, 65 Ill. 492, the contract was that the defendant employed the petitioner to do the work and furnish materials at a stipulated price, one-half to be paid on the completion of the work, and the balance on or before the first day of January next following. That the work was commenced, and progressed with the assent of the defendant, and completed the following February.

The court says: "Here was a contract of employment, and the price and time of payment were fixed. It was clearly an express, as contradistinguished from an implied contract, but no time was agreed upon for the completion of the work. To entitle petitioner to a lien this was essential, and the law can not imply any time for completion under such circumstances. This omission is fatal to the petition." Cook v. Vreeland, 21 Ill. 431; Peck v. Standart, 1 Ill. App. 228; Reed v. Boyd et al., 84 Ill. 66; Belanger et al. v. Hersey et al., 90 Ill. 70.

Sec. 17 of the Lien Act provides that previous incumbrances shall be preferred to the extent of the value of the land at the time of making the contract, and the court shall ascertain what proportion of the proceeds of the sale shall be paid to the several parties in interest.

This was not done in this case. The mortgage creditors are entirely ignored in the decree, and the mechanic's lien is made the first lien. Lunt v. Stephens, 75 Ill. 507; Power et al. v.

McCord, 36 Ill. 214; Martin v. Eversol et al., 36 Ill. 222; Croskey et al. v. Carey et al., 48 Ill. 442; Croskey et al. v. N. W. Mfg. Co., 48 Ill. 481; Tracey v. Rogers, 69 Ill. 662; Wood et al. v. Rawlings, 76 Ill. 206.

Mr. H. K. WHEELER, for appellee.

This contract was partly expressed and partly implied. No definite time was fixed when the engine was to be completed, but it was completed and accepted in ninety-seven days after the contract was made, and comes clearly within the rule laid down in Orr v. N. W. Mut. Life Ins. Co., 86 Ill. 261; Clark v. Manning, 90 Ill. 380; Grundeis v. Hartwell, 90 Ill. 324; Driver v. Ford, 90 Ill. 595.

As early as 1860, in the case of Burkhardt et al. v. Reisig, 24 Ill. 531, the right to maintain a lien for an engine was conceded. This was followed by the decision in Dobschuetz et al. v. Holliday, 82 Ill. 371, in 1876, under the mechanic's lien act of 1874. I can see nothing in either of these decisions in conflict with the lien law. In any event the doctrine of *stare decisis* ought to govern. The Supreme Court have placed a construction upon the statute. These parties are presumed to have contracted with a knowledge of what the law is and the construction placed on the statute by the Supreme Court.

Nothing is better settled than that one defendant can not urge error as to a co-defendant who is not complaining and who has not appealed. Reed v. Boyd, 84 Ill. 67; Hedges v. Mace, 72 Ill. 473; Van Valken v. Trustees, 66 Ill. 103.

LACEY, P. J. This was a petition to foreclose a mechanic's lien and to subject the premises, which were the lands of the coal mine of appellant, the Kankakee Coal Company, to sale for the payment of the purchase price of a "horizontal link motion engine for hoisting purposes," which was purchased and placed on the premises for use, and for which appellant coal company promised to pay $2,200 in installments. The court, upon answer, evidence and stipulation, decreed a lien for the amount and interest, amounting to $2,803.09. From this decree this appeal is taken.

374    APPELLATE COURTS OF ILLINOIS.

Vol. 28 ]    Kankakee Coal Co. v. Crane Bros. Mfg. Co.

Several objections are made by the appellants to the decree:

1. The petition is insufficient in that it fails to show that the contract for the purchase of the machine provided for its being placed on any particular tract of land. 2. No time was specified in the contract when the machine was to be furnished. 3. The court erred in sustaining the master's ruling in not permitting the defendants to put in evidence the written contract, under which the hoisting machine was manufactured. 4. The notes were not given in evidence for the machine, nor produced on the trial as accounted for.

We shall first consider the first point made in reference to the sufficiency of the petition as regards the place where the engine should be placed. The petition in this regard alleges " that, on the 14th day of March, 1883, * * * said coal company made application to your petitioner to furnish it, for use in its coal mine on the lands hereinafter named, one horizontal link motion engine for hoisting purposes, and that on the 14th day of March, 1883, your petitioner and the said coal company made a contract for said hoisting machine, to be delivered on board the cars in Chicago." The lands thereafter named in the petition were the W. $\frac{1}{2}$, N. E. $\frac{1}{4}$, and E. $\frac{1}{2}$, N. W. $\frac{1}{4}$, and S. E., N. E. Sec. 19, T. 32, Range 9, east; and the averment is that, " in pursuance of said agreement (appellees) delivered said hoisting engine to said coal company, and that it was then shipped to the land of said coal company and put in use on said coal land," etc. The averment in the petition as to where the machine was to be used when purchased is not as clear as it might be, but, taking the entire petition together, we think it sufficiently appears that the contract contemplated that the machine was to be used where it was placed on the coal lands of the appellant above named. The statement in the petition that by the contract the machine was " to be delivered on board of the cars in Chicago," does not negative the averment that by the contract it was also finally to be sent from there to be placed on the premises in question. That, we think, was also contemplated by the parties according to the contract mentioned in the petition, or at least implied from what it stated. The admission that the contract was made as stated

in the petition strengthens the case, as, if the petition was insufficient, the appellants should have abided their demurrer. We think the petition is sufficient in the particular complained of.

We do not think the objection made, that the petition does not aver that the engine was only placed on the E. $\frac{1}{2}$, N. W. $\frac{1}{4}$, Sec. 19, T. 31 N., R. 9, in Kankakee county, is valid.    While the petition makes this statement, it also makes the averment that the engine was placed and used on the entire coal lands of the company.    The statement that the machine was placed on this particular piece of land does not necessarily negative the idea that it was placed on the entire property of the company, of which this eighty acres formed a part.

The second point in the objection, that no time was mentioned in the contract, when the machine was to be furnished, we think, under our present statute, is not well taken.    The statute of 1874 makes contracts express or implied, or partly express and implied, enforcible.

The case of Fish v. Stubbings, 65 Ill. 492, was overruled in Orr v. N. W. Mut. Life Ins. Co., 85 Ill. 261, and Cloak v. Manning et al., 90 Ill. 380.    The time in which the engine was to be furnished was not fixed, and therefore the law implies that it was to be furnished within a reasonable time, and valid under Sec. 1 of the Mechanic's Lien Act of 1874, R. S., p. 665, as being partly expressed and partly implied; and under the third section of the act, as the machine was furnished within a year from the date of the contracts, the lien attached.    Driver v. Ford, 90 Ill. 595.

The court did not err in sustaining the master's ruling in not permitting appellant to introduce in evidence the written contract for the purchase of the machine.    The appellants had already admitted the contract as stated in the petition, and no good purpose could have been served by admitting the written contract; and more especially as it was not pretended that it showed anything different from the one set out in the petition.    This disposes of the third point.    As to the fourth objection, in regard to the notes not being produced on the trial, we think if appellants had a right to call for their production, such right has been waived.

It was admitted that the notes had not been paid and there was no demand made for their production at the trial. They were past due, and no point of this kind was made in the court below, and we think the objection should not be allowed here, to reverse the decree.

Under the mechanic's lien law, the right to enforce a lien similar to this, was held in Dobschuetz v. Holliday, 82 Ill. 371.

The objection that the rights of the mortgagee, H. C. Konklin, are not protected by the decree, is not well taken. The party interested in that matter, Konklin, has not appealed, and appellants can not assign for error matters which do not affect them. The same may be said as to the rights of any others claiming mortgage or other liens. Reed v. Boyd, 84 Ill. 67. The objections against the decree are of a purely technical character, and without substantial merit. The decree appears to be just, and the amount for the engine due. The decree is therefore affirmed.

*Decree affirmed.*