ALMERON K. KNAPP *et al.*

*v.*

NOBLE JONES.

*Filed at Ottawa October 31, 1892.*

1. CHATTEL REAL—*defined.* Chattels real are interests which are annexed to or concern real estate, as, a lease for years of land. The duration of the lease is immaterial, provided there be a certainty about it, and a reversion or remainder in some other person.

2. SAME—*mortgaged as real estate.* A grain elevator built by a party upon the right of way of a railroad company under a lease for one year, which was subsequently renewed in writing for two years, and which lease provided that the lessor might terminate the same at any time, upon sixty days' notice, and that the lessee might remove the buildings thereon at any time before the lease should expire, where the lessee holds over after the end of the term by the acquiescence of the lessor, is a chattel real; and a mortgage or deed of trust on the same is properly executed and acknowledged as a conveyance of real estate, and the recording of such a mortgage is notice to subsequent creditors and purchasers.

3. ESTOPPEL—*when an equitable one arises.* An equitable estoppel only arises where there has been a representation concerning a material fact to a party ignorant of the truth of the matter, with an intention it should be acted upon, and it has been acted upon. If the element of fraud is wanting there is no estoppel. If both parties are equally cognizant of the facts, and the declaration or silence of the one produced no change in the conduct of the other, he acting solely upon his own judgment, there can be no estoppel.

4. SAME—*to deny that property granted is personalty.* A party, by taking a deed of trust, which, after describing various tracts of land as the subject of the grant, purports to convey "also the grain elevator and the leased ground upon which it is erected, owned by the grantor, and situate upon the right of way" of a railway company named, and is acknowledged as a chattel mortgage, and entered as such on a justice's docket, will not thereby be estopped from denying that the elevator is personal property, as against subsequent attaching creditors of the grantor.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. DUNCAN & GILBERT, for the appellants:

The elevator, at the time it was levied upon under the attachments, was personal property, within the meaning of the Chattel Mortgage act. *Van Ness* v. *Pacard*, 2 Pet. 137; *Frey* v. *Drahos*, 6 Neb. 1; *Sword* v. *Low*, 122 Ill. 487; *Deering* v. *Ladd*, 22 Fed. Rep. 575; *McCauley* v. *Rogers*, 104 Ill. 578; Freeman on Executions, sec. 114; Herman on Executions, sec. 127; *Russell* v. *Richards*, 1 Fairf. 431; *Taffe* v. *Warrick*, 3 Blackf. 111; *Osgood* v. *Howard*, 6 Greenl. 452; *Hefner* v. *Lewis*, 73 Pa. St. 302; Ewell on Fixtures, 357-359; *Smith* v. *Benson*, 1 Hill, 176; *Brearley* v. *Cox*, 24 N. J. L. 287; *Parker* v. *Redfield*, 10 Conn. 490; *Lamphere* v. *Lowe*, 3 Neb. 131; *Dame* v. *Dame*, 38 N. H. 429; *Sudbury* v. *Jones*, 8 Cush. 184.

. The term "personal property," in its strict common law sense, includes not only "chattels personal," but also "chattels real." 2 Blackstone's Com. 386; 2 Kent's Com. 342; Bouvier's Law Dic. title "Chattels;" Rev. Stat. 1874, chap. 30, sec. 38; chap. 95.

Messrs. HILL & HAVEN, and Mr. G. D. A. PARKS, for the appellee:

The leasehold interest is a chattel real. 1 Washburn on Real Prop. chap. 1, sec. 17; 2 Kent's Com. 342; 2 Blackstone's Com. 386.

The elevator is a part of the leasehold interest of Blanchard. *Conklin* v. *Foster*, 57 Ill. 104.

Until the lessee sees fit to exercise his privilege to sever the improvements and buildings put on the land, they will remain a part of the leasehold estate. *Dobschuetz* v. *Holliday*, 82 Ill. 371; *State* v. *Marshall*, 4 Mo. App. 29; *McNalley* v. *Connolly*, 70 Cal. 3; 2 Woodfall on Landlord and Tenant, 626; *Stillman* v. *Flenniker*, 58 Iowa, 450.

The instrument was valid as a real estate mortgage. Rev. Stat. 1874, chap. 30, secs. 31, 38, and chap. 95; Jones on Chattel Mortgages, sec. 280; *Booth* v. *Kehoe*, 71 N. Y. 341;

*Griffin* v. *Bank,* 52 Ill. 138; *Decker* v. *Clarke,* 26 N. J. Eq. 163; *Deane* v. *Hutchinson,* 40 id. 83; 1 Jones on Mortgages, secs. 146-471; *Willoughby* v. *Lawrence,* 116 Ill. 21.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Second District, affirming a decree of the circuit court of LaSalle county. The opinion of the Appellate Court, by UPTON, J., is as follows:

"This was a bill in equity, filed in the circuit court of LaSalle county, to foreclose a trust deed executed by George L. Blanchard and his wife to Almeron K. Knapp, as trustee, dated July 30, 1885, and duly recorded in LaSalle county. It was given to secure an indebtedness to Noble Jones for the sum of $32,000. The property in the trust deed described was a large amount of real estate in LaSalle county, together 'with the grain elevator and the leased ground upon which it was erected, owned by the grantor, and situate upon the right of way of the Illinois Central railway, at Lostant, in said county.' The grain elevator in the trust deed described was erected upon a portion of the right of way of said railway company, pursuant to a lease by such company to said Blanchard, bearing date June 18, 1884. The demise was for a period of one year, and required the lessee, Blanchard, to erect thereon a grain elevator or warehouse, and to operate and conduct the same in the manner provided in said demise. Blanchard erected the grain elevator upon stone foundations set in the ground below the frost line, and placed therein all requisite machinery and facilities for handling grain, which were intended to be permanent, as much so as stone and iron could be.

"On the expiration of the first term of one year the lease was twice thereafter extended in writing, the last extension terminating July 1, 1888. By the terms of the lease the railway company had the right to terminate it at any time, upon giving sixty days notice, and the lessee, Blanchard, had the

right, at any time before the termination of the lease, to remove all buildings by him erected on the leasehold premises.

"The lessee, Blanchard, continued to use, occupy and operate the elevator by the acquiescence, if not the actual consent, of the railway company, lessor, until August 23, 1887, when possession thereof was taken by the creditors of Blanchard upon writs of attachment, which subsequently were merged into judgment, and the leasehold interest of Blanchard was thereunder sold to Andrew J. O'Connor, who subsequently sold and conveyed the same to appellant Knapp. Thereupon this bill was filed for the purpose stated, alleging the insolvency of Blanchard, and that the property in the trust deed described was inadequate security, etc., and asking for a receiver, etc. After amendments to the original bill and making new parties thereto, the cause was heard in the court below, and a decree passed for appellee Noble Jones, therein finding that appellant Knapp's title to the elevator, derived under execution sales, was subject to the lien of the trust deed, and directing a sale of the mortgaged estate by the master, etc. The decree directed that one-half of the costs be paid by Doyle, the constable, and the balance by Knapp. From that decree this appeal is prosecuted.

"The principal question presented upon this record, as stated by appellant's counsel, is, whether the elevator in question, built by Blanchard upon the right of way of the railroad company under a lease for one year, (and subsequently renewed in writing for two years,) with a provision therein that the lessor may terminate such lease at any time upon sixty days' notice, and that the lessee may remove the buildings by him erected thereon, at any time before the lease expires, is personal property, within the meaning of chapter 95 of the Revised Statutes, entitled 'Chattel Mortgages,' so that at the expiration of two years from the date of the mortgage upon it, if possession is not taken by the mortgagees, it becomes subject to sale upon execution, free from the mortgage lien. The

answer to this question must depend upon the legal classification to which property of the kind here in question is in law assigned,—whether chattel real or chattel personal. That the leasehold in question, and the right of the lessee therein, with buildings erected thereon under the lease, is a chattel, none will deny. If this elevator and leasehold of Blanchard is to be classified and regarded as a chattel real, as held by the court below, then there was no error in the trial court holding the lien of the trust deed paramount to the right of the purchaser thereof at the execution sale, upon subsequent judgments against the lessee Blanchard. We think that question settled, at least in this State, and that the property in question is a 'chattel real,' and under our statute is classed as real estate. Bouvier's Law Dic. title 'Chattels Real;' 2 Blackstone's Com. 387; 2 Kent's Com. 342; 1 Washburn on Real Prop. chap. 1, sec. 17; *Griffin* v. *Marine Co.* 52 Ill. 130; *Conklin* v. *Foster,* 57 id. 105; *Dobschuetz* v. *Holliday,* 82 id. 373; *Willoughby* v. *Lawrence,* 116 id. 11; *Kankakee Coal Co.* v. *Crane Bros. Manf. Co.* 28 Ill. App. 371.

"Section 38, chapter 30, of the Revised Statutes of 1874, provides that the term 'real estate,' as used in that act, shall be construed as co-extensive in meaning with lands, tenements and hereditaments, and as embracing 'chattels real;' and section 31 of the same chapter provides, that deeds, mortgages and other instruments in writing relating to real estate shall be deemed, from the time of being filed for record, notice to subsequent creditors and purchasers, although not acknowledged or proven according to law. It is apparent, therefore, that by the express terms of the statute the elevator and leasehold interest of Blanchard were 'chattels real,' and the deed of trust was valid as a real estate mortgage, and the circuit court properly so held.

"The cases of *Chicago & Alton Railroad Co.* v. *Goodwin,* 111 Ill. 273, and *Sword* v. *Low,* 122 id. 487, cited by appellant's counsel, we do not regard in point.

"The holding in this court being in appellee's favor, the appointment of a receiver in the court below in no way concerns the appellants, and the costs were in the discretion of the chancellor in the trial court.

"Perceiving no error in the proceedings in the trial court, or in the decree as rendered therein, the decree is affirmed."

We have examined the argument of counsel for appellants in support of the several grounds of reversal here urged, but are of the opinion that the case was properly decided by the circuit court, and that sufficient reasons for the affirmance of that decision are given in the foregoing opinion.

The judgment of the Appellate court will be affirmed.

*Judgment affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Mr. JUSTICE WILKIN: Since filing the foregoing opinion, on a petition for a rehearing by appellants, we have reconsidered the grounds for reversal, and the arguments in support of the same, and have again reached the conclusion that the decree of the circuit court is right and that the petition for rehearing should be denied.

Complaint is made in the petition for rehearing that the opinion filed does not notice the point made in the original argument of counsel for appellants, that appellee, Jones, should be held estopped to deny that the elevator in question is personalty, by accepting the deed describing it as a chattel, and having the same acknowledged as a chattel mortgage and entered as such on a justice's docket. If the ruling upon the principal question stated in the opinion of the Appellate Court is correct, viz., that said elevator was, as between the parties to this suit, under the conveyance from Blanchard and wife to Knapp, a "chattel real," the question of estoppel is effectually disposed of, and the facts recited by counsel upon which that branch of their argument is based, necessarily held adversely to

their construction,—that is to say, the argument that there is an estoppel by deed is based upon the theory that the conveyance from Blanchard to Knapp is a chattel mortgage, the contention being that the description, "also the grain elevator and the leased ground the same stands upon," is, as to the elevator, but the description of a personal chattel, and that Jones having accepted a conveyance so describing it, can not be heard to insist it is realty. If the construction of the deed insisted upon could be maintained there would be no occasion for invoking the doctrine of estoppel.

Counsel say "the case is in all essential particulars precisely identical with that of *Ballou* v. *Jones,* 37 Ill. 95." There the conveyance was a chattel mortgage, in the usual form, upon a building described as "goods and chattels." It was made after the expiration of the term for which the ground on which it stood had been leased, and, as was said in the opinion in that case, if the building had been realty, the mortgagor would have had no title to it, and to have mortgaged it would have been a fraud. There the attempt was to deny, in the face of the mortgage, that the property was personalty. Is that in any sense the present case? Here the conveyance under which the appellee, Jones, claims, is an ordinary trust deed in the nature of a mortgage, upon real estate, to secure an indebtedness therein set forth. The granting clause is : "Now, therefore, the said party of the first part, in consideration of the premises,   *   *   *   have and do hereby grant, bargain, sell and convey unto the said party of the second part   *   *   * all the following described lands and premises, situated in the county of LaSalle and State of Illinois, to-wit." Here follows a description of different tracts of land, the last description being, "the grain elevator and the leased ground the same stands upon, owned by said Blanchard, and situated upon the right of way of the Illinois Central railroad, at Lostant, in said county." The *habendum* and condition are in the usual form of such trust deeds, making no distinction between this

and other property conveyed. The certificate of acknowledgment is in the statutory form for conveyances of real estate, except that after the words "waiver of the right of homestead," is added, "and that I duly entered said instrument on my docket."

We are at a loss to perceive in this conveyance anything which even savors of an admission that the elevator and leased ground on which it stands are other than real estate, much less such an admission as would work an estoppel. The effort of appellants is to construe the conveyance into a chattel mortgage, and then deny the right to question that construction by estoppel. Even if the language used in describing the property could be construed to be two descriptions, one of the elevator and the other of the leased ground, (which, to say the least, would be a strained construction,) still there is no principle of law in the doctrine of estoppel, or elsewhere, upon which the parties to the instrument can be denied the right to question that construction. Permitting or procuring the entry to be made upon the justice's docket, as in case of a chattel mortgage, could only work an estoppel *in pais* against the party consenting thereto, upon the theory that he had some peculiar knowledge as to whether "the grain elevator and leased ground the same stands upon" was in law real or personal property. The property was described in the entry made by the justice precisely as it was in the deed. Being in law a chattel real, and conveyed as such, what appellee may have said could not change it into chattel property. Appellants had the same means of knowledge as to which class of property it belonged as had appellee.

An equitable estoppel only arises when there has been a representation concerning a material fact to a party ignorant of the truth of the matter, with the intention it should be acted upon, and which has been acted upon. (*People* v. *Brown et al.* 67 Ill. 437.) "If the element of fraud is wanting there is no estoppel, as, if both parties were equally cognizant

of the facts, and the declaration or silence of the one party produced no change in the conduct of the other, he acting solely upon his own judgment. There must be deception, and change of conduct in consequence, in order to estop a party from showing the truth." (*Davidson* v. *Young et al.* 38 Ill. 152, and authorities cited.) There is no view of this case in which the doctrine of estoppel, either by deed or *in pais*, has any proper application.

The argument of this case on behalf of the appellants, throughout, seems to proceed upon the supposition that the character of the property in dispute is to be determined as though the case was between the Illinois Central Railroad Company and its lessee, Blanchard. Whether, under his lease, Blanchard could have insisted upon his right to treat the elevator as personalty, or whether, under other circumstances, it might not be so treated as between him and third parties, is not the question here involved. He having voluntarily conveyed it, together with his leasehold estate in the land, what did his grantee get,—a mere chattel or a chattel real?

In *Dobschuetz et al.* v. *Holliday*, 82 Ill. 371, cited in the opinion of the Appellate Court, it was sought to establish a mechanic's lien against leased premises, together with an engine and other improvements placed thereon by the lessee. It was insisted, in defense, that the engine was personalty, and it was there said : "Whatever may have been the private agreement of the parties, it is very clear that the engine, when set up and attached to the realty, as it was, became a part of the estate the lessee had in the premises. No doubt the parties could agree among themselves they would treat the engine and other fixtures as personalty, but their private agreement could not change the character of the property so far as third parties were concerned. The engine and superstructure, when attached to the soil, became a part of the estate of the lessee, and, unless expressly reserved, would pass to his grantee with the estate. (*Ornbury* v. *Jones*, 19 N. Y. 234.) Under the

agreement of the parties, the lessee had the privilege of removing all machinery and fixtures used in and about the mines in prosecuting the work, but until severed they constituted a part of the estate itself. Of this we think there can.be no question."

In *Griffin et al.* v. *Marine Co.* 52 Ill. 130, also cited in the foregoing opinion, "a lessee of a lot of ground erected a building thereon, under an agreement with the lessor that the former might remove all the improvements placed by him on the .premises, or the lessor should pay for them at their appraised value, and in case of removal rent was to be paid upon an appraisement to be made at certain intervals, without regard to the improvements. The lessee and owner of the improvements executed a mortgage upon his interest in the premises, including the improvements, and it was held the property mortgaged was an actual interest in real estate,—a chattel real at the common law,—falling under the definition of 'real estate' given in the first section of our Statute of Judgments and Executions, and because immovable, possessing none of those attributes as personal property which have shaped the law in regard to the mortgage of such property."

Bouvier's definition of a chattel real is substantially the same as that of other text-writers generally. He says, "Chattels real are interests which are annexed to or concern real estate, as, a lease for years of land; and the duration of the lease is immaterial,—whether it be for one or a thousand years,—provided there be a certainty about it, and a reversion or remainder in some other person. A lease to continue until a certain sum of money can be raised out of the rents is of the same description; and so, in fact, will be found to be any other interest in real estate whose duration is limited to a time certain, beyond which it cannot subsist, and which is therefore something less than a freehold." Applying this definition to the facts of this case the conclusion reached by the Appellate Court inevitably follows.

*Rehearing denied.*