Channel v. Merrifield.

106    243
r206s  278

## Josephine M. Channel, Adm'x, v. Louis W. Merrifield.

1. FORFEITURES—*Waived by Inconsistent Acts.*—Forfeitures are not favored in law, and after a forfeiture has been declared, any subsequent act inconsistent with the forfeiture by the person declaring it, is a waiver thereof.

2. LANDLORD AND TENANT—*Waiver of a Notice to Quit.*—As a general rule if, after a notice to quit, the parties recognize the tenancy as continuing, their conduct will constitute a waiver of the effect of the notice, and permitting the tenant to remain in undisputed possession of

the premises for a considerable time after he should have given up possession might warrant a finding of a waiver of the notice by the landlord.

3. SAME—*Notice to the Landlord Necessary to Place Him in Default for Not Repairing.*—Where there is an agreement to keep the premises in repair or to make all necessary repairs during the term, a notice by the tenant to the landlord of the need of repairs is as a general rule necessary to place the landlord in default for not repairing.

4. JUDGMENTS—*Where a Judgment is Not the Sentence Which the Law Ought to Have Pronounced.*—Where a judgment as entered is not the sentence which the law ought to have pronounced, the record may be amended *nunc pro tunc,* by striking out of the judgment the erroneous part.

Assumpsit, on a lease. Error to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

BUTTERS & CARR, attorneys for plaintiff in error.

JARVIS R. BURROWS and CHARLES E. WOODWARD, attorneys for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On February 13, 1899, appellee leased certain premises to John W. Channel for a term of five years for the sum of $1,800, of which $1,000, being the rent in full for the first three years of the lease, was to be paid in cash and the balance in equal monthly payments after the expiration of the first three years. The lease provided that Merrifield should furnish water power sufficient to run and operate the machinery then on the premises, with the right to substitute any other kind of power in lieu of water power, without additional cost of the party of the second part; that if he failed to furnish sufficient power to run and operate said machinery, said Channel should have the right and option, upon serving Merrifield with thirty days' notice in writing, to declare the lease forfeited and Merrifield should then be obliged to pay Channel in lieu of all damages occasioned by such forfeiture, such part or portion, if any, of the amount of said $1,000 rent paid in advance as should be unearned at the time of such forfeiture.

Channel paid the cash payment of $1,000 at the time of the execution of the lease. Afterward, on November 22, 1900, Channel died, but the operation of the tile factory upon the premises was continued under the lease. About two years after the execution of the lease Merrifield ceased to furnish sufficient water power to operate the machinery on said premises, apparently because of an obstruction which he was enjoined from removing. On April 13, 1901, a notice signed "J. W. Channel & Co." was served on Merrifield, warning him that unless he furnished sufficient power to run the machinery said lease would at the end of thirty days be declared forfeited. No forfeiture was, however, declared under this notice, and on May 25, 1901, Josephine M. Channel, as administratrix of the estate of John W. Channel, deceased, served another notice upon Merrifield stating that by reason of his failure to furnish the water power she had elected to declare the lease forfeited, terminated and at an end, and demanded, at the expiration of thirty days from that date, the cancellation of the lease and the payment of the damages provided for thereby. On July 30th the firm of J. W. Channel & Co. removed from the premises and on August 8, 1901, the administratrix brought this suit.

The declaration consisted of a special count upon the lease and the common counts. The administratrix seeks to recover that portion of the $1,000 cash payment for the first three years' rent, covering the time intervening between the date of the removal of the firm and the expiration of the three years, also for certain repairs and the building of an office. At the close of plaintiff's evidence the court instructed the jury to find for the defendant, which was accordingly done. · A judgment for costs was entered against plaintiff, the administratrix, and execution for the same ordered. This is a writ of error by plaintiff below to reverse that judgment.

Plaintiff in error insists that the evidence introduced made a *prima facie* case, showing that the water power furnished by Merrifield was insufficient to operate the ma-

chinery upon the premises, that she had given the thirty days' notice of forfeiture provided for by the lease and that she had paid out moneys for repairs and for the construction of the office, which she was entitled to recover under the lease. She therefore claims that the court erred in instructing the jury to find in favor of defendant in error. Forfeitures are not favored in law and after a forfeiture has been declared, any subsequent act inconsistent with the forfeiture by the person declaring the forfeiture, is a waiver thereof. Wade's Law of Notice, Secs. 641 and 648; Watson v. Fletcher, 49 Ill. 498; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164; Cheney v. Bonnell, 58 Ill. 268.

"As a general rule if, after such notice (to quit), the parties recognize the tenancy as continuing, their conduct will constitute a waiver of the effect of the notice, and permitting the tenant to remain in undisputed possession of the premises for a considerable time after he had given up possession might warrant a finding of a waiver of the notice by the landlord." 18 Am. and Eng. Ency. of Law (2d Ed.), 402.

The landlord and tenant stand upon the same footing so far as a waiver of rights under notice is concerned.

The thirty days provided for by the lease did not expire under the last notice until June 24, 1901. In order to make the forfeiture effective, plaintiff in error should have been out of the premises by that time. She was at that time, however, still carrying on her business upon the premises and continued to do so until July 9th. After the last named date she commenced to remove her property. She did not finally get through with that work until July 30th, when the keys were sent to Merrifield. By continuing to remain and do business upon the premises after the date fixed by her for the forfeiture and termination of the lease, she waived the forfeiture she had so declared and the lease remained in full force and effect. It then required thirty days more notice by her of her intention to forfeit it before the lease would be terminated. It is true the keys were sent to Merrifield on July 30th, but no act of his at that time is proved tending to show a ratifica-

tion of the attempted forfeiture. When a tenant moves out without any right before the expiration of the lease the landlord may accept the keys and endeavor to rent the premises to other persons in order to make the loss as small as possible for both parties.

Admitting the facts to be as shown by plaintiff in error's proof, they failed to make a case which would entitle her to recover any portion of the $1,000 prepaid rent. She proved that certain repairs were put upon the building by Mr. Channel. She did not prove that Merrifield had any notice that Channel desired any repairs or that any repairs were needed. In such case the landlord is required to have notice of the necessity of repairs. He is not required to inspect the premises to see if repairs are needed.

"Where the agreement is to keep the premises in repair or to make all necessary repairs during the term, a notice by the tenant to the landlord of the need of repairs is as a general rule necessary to place the landlord in default for not repairing." 18 Am. & Eng. Enc. of Law (2d Ed.), 229.

Plaintiff in error was not, therefore, entitled to recover for the repairs made.

It is claimed that an oral arrangement was made shortly after the written lease had been entered into, by which Merrifield promised to pay one-half the cost of building an office in the mill on the premises; that the office was erected at a cost of about $30, and that Merrifield became liable for one-half of that amount. The proof is that Mr. Channel associated his son-in-law, the witness Arthur W. Ladd, in business with him, under the firm name of J. W. Channel & Co.; that this promise was a promise made to the partnership and not to Mr. Channel and that the office was put up by the partnership and not by Mr. Channel. Under such circumstances the cause of action, if any, for one-half the cost of the office, was in the surviving partner and not in the administratrix. That part of the judgment of the court below which awarded an execution against the administratrix, was erroneous, but after the cause was in this court and errors assigned and argued in plaintiff in error's

brief, defendant in error gave notice and applied to the court below to amend the record by striking out of the judgment the order for an execution. The record was so amended and a transcript thereof filed here by defendant in error. Plaintiff in error took a bill of exceptions to the proceedings had concerning said amendment and has filed the same here, and moved to strike defendant in error's supplemental record from the files. This motion must be denied. The law does not permit execution to be awarded against an administratrix, and consequently the judgment was one in that regard which should not have been entered. As was said in the case of Ives v. Hulce, 17 Ill. App. 30, this was one of those cases "where it so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right by an amendment *nunc pro nunc*." The Circuit Court therefore properly amended the judgment to correspond to the requirements of the law. The judgment of the court below will be affirmed, but as a portion of the costs was incurred before the error in the judgment of the court below awarding execution against the administratrix had been amended, it is ordered that each party pay one-half of the costs of this court.