Julius F. Taylor, Plaintiff in Error, v. Frank Marshall, Defendant in Error.

## Gen. No. 15,620.

1. JUDGMENTS—*what does not affect lien upon leasehold interest in real estate.* A leasehold interest in real estate which has a longer period than five years to run is real estate and if the lien of a judgment attaches thereto a surrender of such leasehold interest by the judgment debtor does not affect such lien.

2. BANKRUPTCY—*what discharge does not affect.* A judgment obtained in an action for malicious prosecution is not affected by a discharge in bankruptcy.

3. BANKRUPTCY—*what discharge does not affect.* A discharge in bankruptcy does not affect a lien upon an interest in real estate if such lien was obtained more than four months prior to the adjudication in bankruptcy.

4. FORCIBLE ENTRY AND DETAINER—*who may maintain.* A person who has succeeded to the rights of the lessor in a five year leasehold interest, through a judgment and sale followed by deed (redemption having expired), may maintain forcible entry and detainer against the assignees of the lessee.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and judgment here. Opinion filed February 15, 1910. Rehearing allowed March 8, 1910. Opinion refiled April 8, 1910.

A. D. GASH, for plaintiff in error.

EDWARD H. MORRIS, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Julius F. Taylor instituted a forcible detainer suit against Frank Marshall to recover possession of premises known as Nos. 171 to 175 Twenty-first street, Chicago. The court found the defendant not guilty and gave judgment against the plaintiff who prosecutes this proceeding in error to reverse the judgment.

The evidence offered by the plaintiff tended to show that one Elnoria H. Fowler leased the premises to Poney Moore by a lease dated July 15, 1905, for a term commencing August 1, 1905, and expiring April 30, 1915, at an annual rental of $1,200 payable in equal monthly instalments in advance. Among other things the lease provided as follows:

"It is expressly agreed between the parties hereto that if default be made in the payment of the rent above reserved, it shall be lawful for the party of the

Taylor v. Marshall, 153 Ill. App. 409.

first part without notice to declare said term ended, to re-enter said premises and to expel party of the second part, and the said premises again to repossess and enjoy.''

On November 18, 1905, by a lease bearing that date Moore sublet the same premises to Joseph Marshall for the balance of the term of the original lease, or to April 30, 1915, at a rental of $150 per month, payable in advance on the first day of each month; and on November 9, 1906, Joseph Marshall, by a written assignment endorsed on the lease, assigned it to the defendant, Frank Marshall.

The evidence further shows that on January 17, 1907, the plaintiff, Julius F. Taylor, recovered a judgment in the Circuit Court of Cook County, Illinois, in an action on the case for malicious prosecution and wilful and malicious injury against Poney Moore for $18,000; and that on October 1, 1907, the plaintiff caused an execution issued on the judgment to be levied on Moore's interest in the premises under the lease from Mrs. Fowler to him as real estate under section 3 of chapter 77 of the Revised Statutes, which provides that leasehold estates, when the unexpired term exceeds five years, are real estate as the term is used in that act. The estate was sold under the execution to the plaintiff, and after the period of redemption had expired, and on February 1, 1909, the plaintiff received a sheriff's deed of Moore's interest in the property.

On that date the plaintiff served a notice on the defendant that the plaintiff was the owner of Moore's interest in the property by means of the sheriff's deed (a copy of which was also served on the defendant) and that the defendant should pay the rent of $150 per month to the plaintiff. On February 2, 1909, the rent not having been paid, the plaintiff served on the defendant the usual landlord's five days notice, notifying the defendant that unless $150 rent of said

premises for February, 1909, was paid within five days defendant's lease would be terminated.

The evidence also tended to show that the defendant was in possession of the property.

The defendant's evidence tended to show that on May 23, 1907, Moore surrendered his lease from Mrs. Fowler, and on the same day Mrs. Fowler leased the premises to one William Blunk. Moore notified Joseph Marshall by a letter dated June 4, 1907, that he had surrendered his lease to the owner, and directed him to see Blunk, stating he was in charge of the property. Following this, the agents of Mrs. Fowler on July 2, 1907, delivered a note or order to the defendant Marshall, addressed to Joseph Marshall and Frank Marshall, stating in substance that she had made a lease of the premises to Blunk and directing them to pay the rent of $150 per month to him. After this defendant Marshall paid his rent to Blunk.

It further appears that the lease from Fowler to Blunk was assigned to one Blackburn on January 8, 1908. Moore was adjudged a bankrupt August 12, 1907, and a trustee of his estate was appointed. The plaintiff filed his claim, based on his judgment, in the bankruptcy court and it was allowed.

In our opinion the judgment of the plaintiff was a lien upon the leasehold estate in the premises of Poney Moore, and that by the sale of that estate under the execution levied thereon, the plaintiff became the legal owner of the leasehold estate. The surrender of the lease by Moore did not affect the judgment lien on the leasehold estate. Dobschuetz v. Holliday, 82 Ill. 371, 374; 15 Am. & Eng. Ency. of Law, 21.

It appears from the evidence that the defendant was still in the possession of the premises at the time the demand for the payment of rent and the notice were served, and at the time of the trial, as the owner of the lease and under the lease. As against the defendant the evidence shows a right to possession in the plaintiff at the time of the commencement of the action, and

that the defendant was unlawfully withholding the possession from the plaintiff.

The bankruptcy proceedings are not a bar to the plaintiff's right of action for two reasons: First, the judgment under which the leasehold was sold was obtained more than four months prior to the adjudication in bankruptcy, and it was a lien which the adjudication in bankruptcy did not divest or affect in any way; and second, the judgment was of a character which the bankruptcy law does not discharge.

The judgment of the trial court is clearly erroneous. The judgment is therefore reversed, and judgment is entered in this court in favor of the plaintiff for the possession of the premises against the defendant.

*Reversed and judgment in this court.*