John J. Lake, Plaintiff in Error, *v.* Alexander Campbell, Defendant in Error.

### ERROR TO DeWITT.

An agency by parol will authorise the agent to execute a written lease without seal, for four years, in the name of and for his principal; and such a lease will be good under the statutes of this state concerning frauds and perjuries, and regulating conveyances.

The lease needs not a seal, nor acknowledgment and recording to give it validity between the parties.

THIS was a declaration in ejectment, filed by the defendant in error against the plaintiff in error, on the 14th day of October, A. D. 1856, in the circuit court of DeWitt county, to recover possession of lot number 10 in block number 50, in the town of Mount Pleasant, in said county and state, and setting forth that the plaintiff claims said premises for a term of four years, from and after the 1st day of July, A. D. 1856.

On the same day, viz., the 14th October, 1856, the defendant filed his plea of "not guilty" thereto. And thereafter, on the said 14th October, 1856, issue being joined by the par-

Lake *v.* Campbell.

ties, the jury duly sworn to try the same, rendered the follow-ing verdict, to wit: "We, the jury, find the issue joined in favor of the plaintiff, and find that the plaintiff is entitled to the possession of the premises for the term of four years from and after the 1st day of July, A. D. 1856, and assess the damages at one cent." It was, therefore, ordered by the court, that the plaintiff have and recover possession of said described premises for the term aforesaid, and his costs therein expended, and that execution issue therefor. And that writ of possession issue to sheriff to put plaintiff in possession of said lot.

And thereafter, on the said 14th day of October, A. D. 1856, the defendant filed in the office of the clerk of said court his bill of exceptions, duly signed and sealed, together with the instructions given to and withheld from the jury, which bill of exceptions sets forth, that on the trial of the said cause the plaintiff proved that the defendant, at the time of the com-mencement of the said suit, was in possession of the said described premises, and by leave of the court, produced and read in evidence to the jury, the following lease and letter (having duly proved the signatures thereto):

KNOW ALL MEN BY THESE PRESENTS, That I, John J. Lake, have let and leased, and hereby do let and lease, to Alexander Campbell, for the term of four years, lot number 10 in block number 50 in the town of Mount Pleasant, with the dwell-ing-house thereon now occupied by me at a yearly rent of one hundred dollars, to be paid at the end of each year, possession to be given and rent to begin to run on the first day of July, 1856.

Witness my hand, this 1st day of May, A. D. 1856.

JOHN J. LAKE,

By JOHN R. BLACKFORD, his Agent.

JUNE 10, 1856.

Mr. ALEXANDER CAMPBELL:

SIR: I find it will be highly inconvenient for me to give up the possession of my house on lot number 10, block number 50, on the 1st day of July, which John R. Blackford, my agent, leased to you by a lease dated the 1st day of May; but I have failed to get another place as I expected, and have concluded that I would rather pay you the damages for the disappointment than give you the possession Blackford's authority was only verbal, and I am advised that as his authority to lease the property was not in writing, and the lease was not under seal, I can hold possession in law, and am only liable for the damages (if any), which I am willing to pay. I give you this notice, therefore, that I will not give possession on the 1st of July (as mentioned in the lease), that you may look out for another place in time. Yours, truly,

JOHN J. LAKE.

To the reading of which papers as evidence, defendant, by his attorney, objected, to which, being overruled by the court, defendant excepted.

The above being all the evidence offered, and the same being closed, defendant asked the court to give the jury the following instructions, to wit:

That a verbal authority to an agent to lease the real estate of his principal, while it is sufficient to bind the principal so as to charge him with damages for a refusal to give possession is not sufficient to enable him to make a lease, which, as a mere conveyance, passes any estate to the lessee.

That unless it has been proven that Blackford's authority to make the lease was in writing, the plaintiff cannot recover.

That unless Blackford's authority from Lake to lease the premises, is proven to have been in writing, and under seal, the plaintiff cannot recover.

That unless Blackford's authority was by power of attorney under seal, and duly acknowledged and recorded, according to the provisions in section 24 of the 24th chapter of revised statutes, concerning conveyances, the plaintiff cannot recover

That, by the law of conveyances in Illinois, it is necessary to the validity of a lease of real estate as a conveyance, that the same shall be by deed, under seal.

That the plaintiff in the case cannot recover because the lease under which he claims is not under seal, as required by the first section of the chapter entitled "Conveyances," in the revised statutes.

That a lease, without being sealed, passes no estate to the lessee, and is not sufficient to maintain ejectment upon.

To the whole of which instructions the plaintiff objected, and the court refused to give the same, to which the defendant then and there excepted.

The court gave to the jury the following instruction at the instance of the plaintiff:

That if they believe, from the evidence, that before the making of the lease, defendant had given Blackford verbal authority to make the lease read in evidence, and that in pursuance of said authority, he did make the lease read in evidence, and that defendant afterward refused to give possession according to the terms of said lease, and that defendant was in possession of the premises at the beginning of this suit, in each case the plaintiff is entitled to recover. And it is no valid objection that the authority of the agent was not in writing, and not under seal, nor is it a valid objection that the lease is not under seal.

To the giving of which instruction, defendant, before the same was given, objected, but the court overruled defendant's objection, and gave the same, to which decision of the court the defendant excepted.

The errors assigned are:

Giving the instructions asked for by the plaintiff.

Refusing to give the instructions asked for by defendant.

In the admission of evidence which should have been excluded.

C. Beckwith and T. L. Dickey, for Plaintiff in Error.

C. L. Higbee and Glover and Cook, for Defendant in Error

Scates, C. J.   Will an agency, by parol, authorize the agent to execute a written lease without seal, for four years, in the name of, and for his principal; and is such a lease good under the statutes of frauds and perjuries, and conveyances of this state? are the questions presented in this record.   We solve both questions affirmatively.

*First.*  Sales at auction are within the statute of frauds, and the auctioneer is the agent of both parties, in making and signing a memorandum in writing.  *Burke* v. *Haley's admrs.*, 2 Gil. R. 614; *Doty* v. *Wilder*, 15 Ill. R. 407.  Parol authority to the auctioneer is sufficient under the statute.  *Doty* v. *Wilder.*  This same principle is equally applicable to agencies generally, and under such an agency, the agent may execute a simple contract writing for his principal.  *Johnson* v. *Dodge*, 17 Ill. R. 433; *Yerby* v. *Grigsby*, 9 Leigh. R. 387.

*Second.*  In general at the common law, an individual competent to sell, could make a feoffment by parol, and convey the fee by livery of seizin.  1 Shepp. Touch., 5 Law Lib. top 361, 363; Roberts on Frauds, 262 to 272, where a short history of modes of conveyances will be found.

So a feoffment by deed could be made by sealing and delivery, with seizin, without signing.  5 Law Lib. top 361, 121, 122; *Wright* v. *Wakeford*, 17 Ves. Jr. R. 454.  Until the statute of frauds superadded the signing.  Roberts on Frauds, appendix, 467, Secs. 1, 2, 3, 4, etc., of statute of frauds.

This was equally applicable to all lessor estates in lands, or other interests of, in, or out of lands, lying in livery, such as terms for life or years.  But interests of, in, out of, or concerning lands lying in grant and not in livery; such as rents, profits, or commodity, always required a writing sealed and delivered, and after the statute, a signing also.  4 Kent. Com. 490; 2 Black Com. 317; Roberts on Frauds, 265, 270.

Estates for life, and for years, lying in livery, could, therefore, be created by parol before the statute of frauds, and so might estates or terms not exceeding three years from the making, where the rent amounted to two-thirds of the full improved value after the statute.  Freehold estates and terms for more than three years, when created by parol after the

statute, were reduced to, and given the effect of estates or leases at will—that is, from year to year only. Nor could an assignment or transfer of any such estates, however created, be made without writing, signed by the party, or his agent, authorized in *writing*.

These are, in substance, the provisions of the first three sections of the English statute. They are omitted in ours. The first section of our statute, and the fourth section of the English, are almost identical. The difference consists in our adding to the fourth clause of the English "or upon any contract or sale (ours 'contract for sale') of lands, tenements, or hereditaments, or any interest in or concerning them," these words "for a longer term than one year;" and to the sixth clause, "unless the (ours 'promise or') agreement," etc., be in writing. See statutes, Roberts on Frauds, App. 467, 468; Rev. Stat. 1845, p. 258. The addition "for a longer term than one year," is the only one I conceive, which alters the sense of the English statute; the others only express more at large the true sense of it. This, however, has limited the validity of parol contracts for sale of the fee, or other lesser "interest in or concerning" land, including freehold and estates for years, to one year, so far as an *action* at law is concerned. This provision is in this respect like a statute of limitation; it does not declare the contract void, but will allow no action to arise upon, or be maintainable for a breach of it, in any of its provisions or effects upon the interests of the vendor or lessor for more than one year. While it may not be given in evidence in support of an action for a higher, larger or longer continuance of the fee or interest—it is admissible in evidence to support an action for one year's interest—if that be the sense of the contract of the parties, or consistent or compatible with it. Roberts on Frauds, 241, 243 and note (93). And so it may enure as a lease from year to year, if the lessee hold over. In regulating the terms of the substituted interest (Roberts on Frauds, 244 to 247; 2 Crabb's Real Prop. 230; 30 Law Lib. 148; *Morehead* v. *Watkyns*, 5 B. Monroe R. 228), an implied assumpsit would lie for use and occupation.

Leases of terms for years, were of a very low degree of interest in their origin, and subject to be destroyed at the pleasure of the lessor by suffering a common recovery (1 Preston on Est. 202 to 206), until 21 Hen. VIII., Cap. 15, which gave the lessee a right to falsify the recovery. Id. 9 Mod. R. 102; 1 Greenlf. Cruise on Real Prop. 222 to 226; 2 Crabb. Real Prop. 225 (30 Law Lib. 145). It grew into an estate of greater consequence after that statute, and became a settled, permanent interest, maintainable as other rights and

interests by its appropriate remedies. Still it remains a chattel real only, to this day; goes to the administrator, and may be sold without an order of court as is required in cases of freehold and fee estates. *Ex parte Gay, admr.*, 5 Mass. R. 419; *Chapman* v. *Gray*, 15 ibid. 445; *Brewster* v. *Hill*, 1 N. Hamp. R. 350; *Murdock et al.* v. *Ratcliff et al.*, 7 Ohio R. 122. These interests or terms, we have seen, could be created by parol at common law, and may now, for one year, be proved in support of an action for breach of it, or for rent reserved under it. Those creating a larger or longer term of years, we have seen are not void under that statute, though no action will lie upon them. There is an exception to this statute, found in a subsequent act (Rev. Stat. 1845, p. 336, Sec. 1), which makes valid all verbal contracts, promises, assumpsits or undertakings made in good faith for the sale, purchase or payment of improvements made upon the public lands.

In the 2d section and following provisions of our statute of frauds, there is a very notable change from the other provisions of the English act of frauds and perjuries. The 2d section of our act embodies the substance of the 2d section of the 13 Eliz. Cap. 5, made perpetual, 29 Eliz. Cap. 5, against conveyances to defraud creditors and others, and also the substance of the 2d section of 27 Eliz. Cap. 4, made perpetual by 30 Eliz. Cap. 18, Sec. 3, against conveyances, etc., to defraud purchasers. The 6th section of the former, and the 4th section of the latter, contained exceptions respectively in favor of those to whom "conveyed or assured" "upon good consideration and *bona fide*."

The 3d section of our act was intended, doubtless, to embody these exceptions into our statute of frauds; it may be as an exception to the provisions borrowed from 13 and 27 Eliz. against fraudulent conveyances. But the language extends it to the whole chapter—thus embracing the provisions of the first section. So by it any interest or estate in lands, rents, common or profit, out of the same, which may be sold or created "upon good consideration, and *bona fide* lawfully conveyed or assured," is excepted out of the provisions of the chapter. Now "conveyed or assured" do not necessarily import a writing, for a feoffment with livery at common law, was surely a conveyance of the land, and must have constituted one of the common assurances of the kingdom. Still this construction would necessarily suspend, repeal, or except out of the provisions of the first section, every sale or creation of an interest by parol at the common law, which is made "upon good consideration and *bona fide*." The reason of the exception applies to the second section only, which

makes all contracts, conveyances, etc., void as to creditors and *bona fide* purchasers, which are made to delay, etc., creditors, etc. It cannot be, that all *bona fide* sales of land, for a valuable consideration was intended to be excepted out of the provisions of the first section; and they are legitimately out of the reason and intention of the second section. We may, therefore, to prevent thus marring the sense obviously intended by this exception, exclude the first section from the purview of the third, by refering its operation to that class of conveyances and assurances contained in writings.

The statute of frauds only required these contracts for sale of land, etc., to be in writing and signed by the party, or his agent thereunto lawfully authorized. The agent was to be authorized by *writing*, to create, sell or transfer the freehold and leasehold interests mentioned in the first three sections of the English statute of frauds.

But that mode of constituting an agent is dropped in the 4th section of the English, and the 1st section of ours, which only require the agent to be "lawfully authorized" thereunto. We, therefore, determine the sufficiency of the power whether by verbal or written parol, or under seal, according to the nature, and solemnity of the act to be done, or the dignity of the instrument to be executed, as at the common law. This statute makes no requirement for sealing; its provisions are complied with and satisfied by writing and signing, by the party to be bound, or his agent for him. The common law conveyance, by feoffment and livery of seizin, is abolished. So far as this act has provided, granting and signing would be substituted. And so the law stands as to leases for years. They were good by parol before the statute, and might be made to commence in *futuro;* they never required feoffment and livery, for the tenant was never seized technically. 4 Kent Com. 94; 1 Greenlf. Criuse Real Prop. p. 226, Secs. 18 to 21. The agency may be created by parol, and he may, if authorized, execute a parol writing for leasing and sign the name of his principal.

If there be any objection to this view, it neither arises under the statute of frauds nor from the general principles applicable to creating terms for years. But it must be found, if any where, in the acts concerning conveyances and recording.

Writing, signing, sealing, acknowledging and recording, seem all to have been contemplated as necessary to convey the fee in this territory under the 2d section of the ordinance of 1787. This did not extend to leases, but to conveyances by lease and release, and bargain and sale. It is contended that the spirit and provisions of the several acts in relation to conveyance and recording, in force here while a territory, and

passed from time to time under the state government, and now in force, require a writing, signing and sealing to convey a fee, a freehold or a term of years. I am of a different opinion. I do not propose to examine this point generally; but wish, what I may advance, to be understood with reference to leases for terms of years, the subject before us.

I would remark, preliminarily, that upon careful examination, I find the phraseology, in substance, the same in all the acts, in relation to the validity of the conveyances.

Beginning with the act of 1802, down to the act of 1845, the provision is substantially, that deeds and conveyances not made and recorded as required by those acts, are void (not between the parties), but as against subsequent *bona fide* purchasers, creditors and incumbrances without actual notice. See these several acts and provisions. Purple's Real Estate Statutes, p. 458, Sec. 3; of 1802, p. 460, Sec. 8; of 1807, pp. 479, 480, Sec. 15; of 1827; Rev. Stat. 1845, p. 108, Sec. 23. Livery of seizin is abolished (Rev. Stat. 102, Sec. 1), but it was not necessary at common law to create a leasehold estate. All deeds, and other instruments of writing respecting real estate, are required to be recorded (Sec. 22, p. 108, Rev. Stat.), and take effect from filing for record (Sec. 23), whether acknowledged or not (Sec. 28), as to creditors and subsequent purchasers without notice, and until so filed they are void as to them. This is the sum total of the registering policy; to give notice, and avoid deeds without it, as to creditors and subsequent purchasers. But notice may arise from a possession by a tenant. Now these laws do not operate upon the contract deed or conveyance, as between the parties to them. But only as between them, and subsequent purchasers without notice, and creditors. The policy, as well as the provisions and effects of these laws, are fully noted in *Bourland* v. *The County of Peoria et al.*, 16 Ill. R. 538, and *Reed et al.* v. *Kemp*, ibid. 450, etc. There is no act requiring acknowledgment or recording to give validity between the parties. An acknowledgment stands for proof of execution, which must be shown as at common law in its absence. Sec. 28, p. 109, Rev. Stat. The same remarks will apply to letters of attorney concerning real estate. The 24th section of the act of conveyances, p. 108, does not prescribe that all agencies shall be evidenced by a written or sealed power or letter of attorney. But it requires all such as must be in writing to be recorded, like other instruments concerning the realty. The conveyances were void until recorded, as it would seem by the cases referred to in Vermont. *Harrington et al.* v. *Gage et al.*, 6 Verm. R. 534; *Boyce* v. *Hurd*, 24 ibid. 626. There is no provision in our acts that makes the recording essential to the

8

validity of the deed as between the parties. This lease needs not a seal, nor the acknowledgment and recording to give it validity between the parties.

It was held under the English statute that a parol agency was good, and we have adopted the construction with the act; and, we believe, most of the states, if not all, have done the same, which have adopted in substance the English act.

If our decisions be correct, notwithstanding the 24th section of the act concerning conveyances, it disposes of this objection. For if a parol agency is sufficient for the sale of land, it must needs be sufficient for a lease. For neither is affected by the statute of frauds, and the power and mode of leasing is left as at the common law.

*Judgment affirmed.*