## McINTOSH *v.* HODGES.

1. STATUTE OF FRAUDS—LEASES—AUTHORITY OF AGENT.

A lease for more than one year, executed by an agent whose authority rests in parol only, is void under the Illinois statute of frauds, providing that no action shall be brought to charge any person upon any contract for the sale of lands, or any interest in or concerning them, for a longer term than one year, unless such contract shall be in writing, signed by the party to be charged therewith, or by some other person thereunto authorized in writing signed by such party.

2. SEALED INSTRUMENTS—EXECUTION BY AGENT.

The fact that a seal is affixed to an instrument executed by an agent does not render it necessary that his authority in the premises should be founded upon an instrument executed with the same formality.

3. LANDLORD AND TENANT—VOID LEASE—NATURE OF TENANCY.

One who enters into premises under a void lease for 21 months, providing for a rental of $2,475 for the entire term, payable in monthly installments of $75 for the first 9 months and of $150 for the last 12 months, does not, at the common law, become a tenant from year to year by holding over and paying rent after the expiration of the first year, but is a mere tenant at will.

4. SAME—USE AND OCCUPATION—EVIDENCE.

In an action for use and occupation, a void lease, under which the defendant entered into possession, is admissible to show the nature of his holding.

Error to Delta; Stone, J. Submitted June 20, 1896; decided July 21, 1896. Rehearing granted December 24, 1896; reargued February 5, 1897; final opinion, affirming the earlier decision, March 29, 1897.

*Assumpsit* by Alexander McIntosh against Fred Hodges to recover rent alleged to be due under a lease. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*T. B. White*, for appellant.

*Mead & Jennings*, for appellee.

Hooker, J. One Brown was owner of a store building in Chicago. On April 4, 1892, J. E. Kimball, professing to be agent for Brown, made and executed in his name a written lease for the premises to the defendant, from the 1st day of August, 1892, until April 30, 1894. Said lease was a sealed instrument. The defendant covenanted to pay rent as follows, viz.:

"The sum of twenty-four hundred and seventy-five ($2,475.00) dollars, payable in monthly installments of seventy-five ($75.00) dollars for the first nine months of said term, and one hundred and fifty ($150.00) dollars per month for the last twelve months of said term, all payable monthly in advance upon the first day of each and every month of said term, at the office of J. E. Kimball, Chicago, Illinois."

Kimball had no written authority to lease the premises. The defendant entered at once, and in person and by tenant occupied until November 15, 1893, when the premises were vacated. Plaintiff claims that the key was retained by the defendant, who afterwards refused to pay the rent, and this action was brought; the declaration counting upon the lease, a count for use and occupation being added. Plaintiff purchased the premises from Brown on September 10, 1893, and at the same time Brown's interest in the lease was assigned to him in writing by Brown. He received the rent for October from Kimball. This action was brought to recover the rent due at the expiration of the term fixed by the lease.

The defendant claimed that the lease was void under the statute of frauds of Illinois (Rev. Stat. chap. 59), section 2 of which reads as follows:

"Sec. 2. No action shall be brought to charge any person upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them, for a longer term than one year, unless such contract, or some memorandum or note thereof, shall be in

writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party. This section shall not apply to sales upon execution, or by any officer or person pursuant to a decree · or order of any court of record in this State."

The circuit judge took the defendant's view of this statute, and excluded the lease.

In the case of *Lake* v. *Campbell*, 18 Ill. 106, it was held that an agent might make a valid lease for four years, although his authority was not in writing. Counsel for the defendant seek to avoid the force of that case by claiming (1) that we cannot presume that the statutes of Illinois are the same now as when that case was decided; (2) that, if they be unchanged, the case cited is not applicable, because the lease was a sealed instrument. To our minds the discussion in the case of *Lake* v. *Campbell* shows that section 2 of the Illinois statute was the same then as now, but the court held that that section did not apply to leases, but to other estates enumerated in the opinion, and it referred to other sections to show an intent on the part of the legislature to except leases from the requirement that the agent's authority must be in writing. We cannot assume that these sections have been changed. It is unnecessary to repeat the reasoning of this interesting case, as we have only to follow the construction of the Illinois court when we ascertain what it is. The same case holds that a seal is unnecessary to such a lease. Counsel seem to concede that fact, but assert that, inasmuch as it was affixed, the consequences are the same as though it were essential to the validity of the lease, and that the agent's authority must be shown to have been in writing and under seal. They cite no authority in support of this proposition, and we think it is not the law. The seal may be treated as surplusage. Counsel for the plaintiff cites authority which seems conclusive of the question. *Bless* v. *Jenkins*, 129 Mo. 647; Mechem, Ag. §§ 95, 141, and notes.

110 Mich.—21.

The lease being valid under the law of Illinois, we are constrained to reverse the judgment, and direct a new trial, and it is so ordered.

The other Justices concurred.

### ON REHEARING.

HOOKER, J. Upon a former hearing of this cause, it was thought that the lease sued upon was not within the statute of frauds of the State of Illinois, and it was therefore held valid. Upon a further investigation of this question, we are satisfied that we were in error, and that, under the statute of Illinois *in force at the time this lease was made,* it cannot be sustained as a valid lease. This makes it necessary to consider other questions.

The lease was in writing, signed by an agent whose authority was oral, and the letting was for 21 months. The covenant for rent was as follows:

" To pay as rent for said demised premises the sum of twenty-four hundred and seventy-five ($2,475.00) dollars, payable in monthly installments of seventy-five ($75.00) dollars for the first nine months of said term, and one hundred and fifty ($150.00) dollars per month for the last twelve months of said term, all payable monthly in advance upon the first day of each and every month of said term, at the office of J. E. Kimball, Chicago, Illinois."

It is claimed by the plaintiff that occupancy and payment of rent, and acceptance of the same, after the expiration of a year, made this a tenancy from year to year, upon the terms of the renting for the first year. This covenant to pay rent does not fix a rate per annum, but fixes a sum to be paid for the whole term, viz., $2,475. The fact that it is payable in installments does not make it a monthly letting, and on the other hand, while the letting was for a longer period than a year, and the amount of rent to be paid during the year at stated intervals was fixed, it cannot be said that this sum would be called the rent

for the year. These installments were not equally propor-
tionate parts of the entire rent, and we do not know whether
to say that the annual rent should be fixed at the sum
paid during the first year, viz., $1,125, a proportionate
share of all rent agreed upon, which would be $1,414.29,
or at the rate of $150 per month, which was the monthly
installment for the last year, and would amount to $1,800.
We cannot "infer a mutual understanding that an ascer-
tained annual rent was agreed upon." On the contrary,
it very clearly appears that the rent was fixed for the
whole term, and payments by arbitrary installments
agreed upon. As an annual rent was not reserved, this
did not become, under the common law, a tenancy from
year to year, by occupancy. It follows that the circuit
judge was right in holding the paper void, but not in ex-
cluding it, as it was admissible to show the nature of the
holding.

It is obvious that the relation of the parties during the
occupancy was that of landlord and tenant, and if the
lease was void, and the holding was by consent, evi-
denced by the payment and acceptance of rent, it was a
tenancy at will. *Huyser* v. *Chase,* 13 Mich. 98; *Brow-
nell* v. *Welch,* 91 Ill. 523. Were this a Michigan con-
tract, and the premises within the State, the statutory
notice would be required to terminate the tenancy, and
the defendant would be liable for at least one month's
rent, after abandonment without notice. See *Hunting-
ton* v. *Parkhurst,* 87 Mich. 38 (24 Am. St. Rep. 146);
*Scott* v. *Beecher,* 91 Mich. 590. In *Prickett* v. *Ritter,*
16 Ill. 97, the necessity of notice to terminate an existing
tenancy in that State is recognized. This is the common-
law rule, except in case of strict tenancies at will, and
this is not such. While that was a case of attempted
termination by the landlord, it is conceived that the same
notice would be required of the tenant. We cannot sus-
tain the plaintiff's contention that the defendant was
liable for rent as a tenant from year to year, though he
may have been such under Illinois statutes, but, at all

events, he may have been liable as tenant at will. Counsel does not present this view of the case in his brief, but the case can be disposed of on other grounds. The evidence shows that the defendant sublet the premises, and that the rent to November 15th was paid by the subtenant to the defendant's agent, who paid the rent for the month of October to the plaintiff, but not for the period ending November 15th, at which time the subtenant vacated the premises. The keys were never surrendered. It would seem that the plaintiff was entitled to recover for use and occupation during that period, at least, and, as stated, the lease should not have been excluded.

The former decision is therefore affirmed on rehearing. The judgment is reversed, and a new trial ordered.

The other Justices concurred.