## Osmund Vinje and Eivin Vinje, Appellees, v. Walter C. Pagels, Appellant.

### Gen. No. 25,912.

1. FORCIBLE ENTRY AND DETAINER—*when proper to recover possession of leasehold.* A leasehold interest, included in a chattel mortgage given by a subtenant of the original lessee and sold, together with the garage business contained on the premises, under the power of the mortgage, was considered as personal property, and the mortgagee purchaser was entitled to maintain forcible detainer as against the party who was then in possession as as assignee of said subtenant and with the consent of the owner of the premises.

2. FORCIBLE ENTRY AND DETAINER—*rights of purchaser of leasehold interest sold on foreclosure of chattel mortgage.* Clause 6 of section 2, ch. 57, Rev. St. (Cahill's Ill. St. ch. 57, ¶ 2) entitled Forcible Entry and Detainer, giving a right of action when lands or tenements have been conveyed by any grantor in possession, or sold under a judgment or decree or by virtue of a power contained in any mortgage or trust deed, and possession is withheld after written demand, did not apply where a leasehold was sold under the power of a chattel mortgage and the purchaser brought forcible detainer; but such leasehold passed as personalty at the sale and was of such a nature as would go to an administrator and was salable without an order of court such as is required in cases of freehold and fee estates.

3. CHATTEL MORTGAGES—*when leasehold interest may be mortgaged.* The owner of a leasehold may mortgage his right of possession, which right of possession constitutes his leasehold interest, as that right, although it is for the use of real estate, may, under the law, be personal property.

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed November 2, 1921.

EDGAR A. JONAS, for appellant.

BUTZ, VON AMMON & MARX, for appellees.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On December 17, 1919, Osmund and Eivin Vinje filed a complaint in forcible detainer against the defendant, Walter C. Pagels. The cause was tried before the trial judge without a jury, and on January 17, 1920, the court found the defendant guilty of unlawfully withholding from the plaintiffs the possession of the premises known as 4412 and 4414 North Western avenue, Chicago—which were used as a garage—and that the right to possession was in the plaintiffs, and entered judgment accordingly. This appeal is therefrom.

The evidence shows substantially the following:

One Anna Fesel was the owner of the premises known as 4412 and 4414 North Western avenue, Chicago, which were used as an automobile garage. On July 11, 1919, Anna Fesel executed a written lease of these premises to the plaintiffs, Eivin and Osmund Vinje. The term of the lease was from September 1, 1919 to April 30, 1924. The total rental was $8,400, payable in 56 instalments of $150 each on the first day of each month at the office of the lessor. In the lease the property was described as a brick building to be occupied as an automobile garage. The Vinjes conducted a garage business there from August, 1917, until September 1, 1919.

On August 15, 1919, Joseph and Nettie Sarley bought the garage business of the Vinjes for $3,300 and received a bill of sale for the personal property on the first floor of the premises, 4412 and 4414 North Western avenue; they paid down $1,000 and gave back to the Vinjes what purported to be a chattel mortgage which was given to secure the $2,300, the balance of the mortgage price, which latter amount is represented by 23 notes of $100 each, and which were payable monthly. On August 29, 1919, the Vinjes assigned their interest in the lease to Joseph and Nettie Sarley, which assignment was consented to in writing by Anna Fesel, the owner. The mortgage provided

that the Sarleys did grant, sell, convey and confirm to Osmund and Eivin Vinje the following goods and chattels, to wit:

"1 gas filler, 1 air motor, 1 desk, 1 chair, the leasehold interest of the mortgagors in the premises now used for the purpose of a public garage at number .4412 and 4414 North Western avenue, in said city of Chicago, together with each and every article of personal property used or kept now or hereafter in connection with the garage business carried on at said number."

The mortgage also provided that in case of default the Vinjes could take possession of the property and "for that purpose may pursue the same wherever it may be found and may enter any of the premises of the mortgagors with or without force or process of law wherever the said goods and chattels may be or be supposed to be and search for the same and if found, take possession of" them and sell them at public auction to the highest bidder. The chattel mortgage was duly acknowledged, and filed for record in the recorder's office of Cook county, August 26, 1919.

The Sarleys went into possession of the premises on August 17, 1919, and since then no part of the promissory notes secured by the mortgage have been paid. The Sarleys, at the time of their transaction with the plaintiffs, received a bill of sale and paid down $1,000 besides giving the mortgage and notes in question, and went into possession, retaining possession until December 3, 1919. The first rent paid by the Sarleys was for September, 1919, which was paid to the owner, Anna Fesel. Subsequently, in the fall of 1919, the defendant, Pagels, undertook to negotiate with Osmund Vinje for the purchase of the garage, and Osmund Vinje told Pagels that he, Vinje, was not in possession; that the garage had been sold to Sarley.

On December 2, 1919, there was a meeting at the office of one Condee, at which were present Bebb,

Condee, Pagels, and his attorney, Jonas, also, Sarley and his wife. At that meeting the original lease was produced by Bebb and then appropriated by Condee on behalf of the defendant. There were negotiations looking towards the purchase by Pagels of the interest which the Vinjes had by reason of the Sarley notes and mortgage, but they never ripened into a contract.

On December 3, 1919, a written assignment by the Sarleys was made of their interest in the lease to Pagels, and on the same date Pagels in writing assumed all the obligations of the lease. Also, on the same date Anna Fesel in writing consented to the assignment of the lease to Pagels. Pagels then went into possession. On December 17, 1919, the Vinjes served a written notice on Pagels demanding possession of the premises. On Wednesday, December 17, 1919, the property described in the chattel mortgage, given by the Sarleys, which included the leasehold interest of the mortgagors in the premises now used for the purpose of a public garage at 4412 and 4414 North Western avenue, was sold at public sale and bought in by Osmund and Eivin Vinje, and the same day the latter began this suit against Pagels, claiming that they were entitled to possession.

It is contended by counsel for Pagels that the Vinjes were not entitled to maintain an action of forcible detainer against him; that forcible entry and detainer is a possessory action and can be maintained by that person only who is entitled to possession; that the plaintiffs as purchasers at a sale under the chattel mortgage cannot maintain the action; that they lost the right of possession by permitting the Sarleys to go into possession and to pay rent to the owner; that the Vinjes having sold their interest to the Sarleys, and put the latter in possession and providing for the payment of the rent by the Sarleys to the owner, created an attornment, and that thereafter the relation of landlord and tenant was established between the Sarleys

and the owner and that the latter alone or Pagels had the right to possession; that the provision in the chattel mortgage mortgaging the right to possession was nugatory; that a mortgagee of real estate must be foreclosed in equity and without foreclosure a sale under a judgment cannot maintain forcible detainer even after default of payment.

The question arises whether the Vinjes by purchasing the leasehold interest at the mortgage sale became entitled to begin forcible detainer proceedings against Pagels and to obtain, as they did in the trial court, judgment for possession of the premises.

Section 2, chapter 57, of the Revised Statutes (Cahill's Ill. St. ch. 57, ¶ 2), entitled Forcible Entry and Detainer, provides, as to when the action lies, as follows:

"A person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided.

\* \* \* \* \*

"Second—When a peaceable entry is made, and the possession unlawfully withheld.

\* \* \* \* \*

"Sixth—When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the grantor in possession, or party to such judgment or decree or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

It will be observed that the facts in the instant case do not come within the requirements of the "Sixth" clause, as that clause gives the right of action only when lands or tenements have been conveyed or sold under a judgment or decree. The situation here, if the "leasehold interest" were real estate would not be entirely dissimilar to that in *Knox v. Hunter,* 150 Ill.

App. 392, cited by the plaintiffs. In that case, where the facts showed a sale, after default, of certain real estate by the mortgagee, the court held not only that the statute forbids the sale of real estate by virtue of a power of sale in the mortgage and requires it to be foreclosed, but, further, that a mortgagee, meaning one created by a mortgage upon real estate, cannot maintain forcible detainer against the mortgagor merely upon nonpayment of the debt.

We are of the opinion, however, that the "leasehold interest" which the Sarleys gave the mortgage on, and which the Vinjes sold under the power of the mortgage, must be considered as personal property. In *Lake v. Campbell,* 18 Ill. 106, the court said:

"Leases of terms for years were of a very low degree of interest in their origin, and subject to be destroyed at the pleasure of the lessor by suffering a common recovery (1 Preston on Est., 202 to 206), until 21 Hen. VIII, cap. 15, which gave the lessee a right to falsify the recovery. Id. 9 Mod. Rep. 102; 1 Greenleaf, Cruise on Real Prop. 222 to 226; 2 Crabb, Real Prop. 225 (30 Law Lib. 145). It grew into an estate of greater consequence after that statute, and became a settled, permanent interest, maintainable as other rights and interests by its appropriate remedies.

Still it remains a chattel real only, to this day; goes to the administrator, and may be sold without an order of court as is required in cases of freehold and fee estates. *Ex parte Gay,* 5 Mass. 419; *Chapman v. Gray,* 15 Mass. 445; *Brewster v. Hill,* 1 N. Hamp. 350; *Murdock v. Ratcliff,* 7 Ohio 122."

We know of no objection to an owner of a leasehold interest, as here, mortgaging his right to possession, which right to possession constitutes his leasehold interest. That right, although it is for the use of real estate, may be under the law, as we have said, personal property, and as said in the *Lake* case, *supra,* of such a nature as would go to an administrator and might be sold without an order of court such as is required in cases of freehold and fee estates.

In *People v. Shedd*, 241 Ill. 155, the court said: "It is insisted that the purchase of a leasehold estate is not the acquisition of real estate. A lease for a term of years is a chattel real. It conveys an· interest in the land. While it has some of the attributes of personalty it is treated in many respects as real estate. (*First Nat. Bank of Joliet v. Adam*, 138 Ill. 483; *Knapp v. Jones*, 143 Ill. 375; Hurd's Rev. St. ch. 30, sec. 38; ch. 77, sec. 3; Cahill's Ill. St. ch. 30, ¶ 40; ch. 77, ¶ 3.) The exception of real estate from the purposes for which corporations may be organized embraces all interests in real estate, including leaseholds.''

In *Imperial Building Co. v. Chicago Open Board of Trade*, 238 Ill. 100, the court said: "But it is contended that procuring a lease for 99 years is not acquiring real estate; that such leasehold interest must be treated as personal property. It is true that a leasehold interest in land is for some purposes treated as personal property, but generally it is considered a chattel real.''

Although, therefore, for certain purposes, interests in real estate may include leaseholds, we are of the opinion that as far as the Forcible Entry and Detainer Act is concerned, a leasehold interest, such as the one in question here, is not to be considered as an interest in real estate.

Assuming, therefore, as we do, that the leasehold interest which was bought in by the Vinjes at a sale *in pais* under the chattel mortgage was personal property, does it follow that the Vinjes were then entitled to begin this suit? Pagels being in possession of the premises at the time when the Vinjes undertook to sell Sarleys' interests, as represented in the mortgage, and being in possession under an assignment by the Sarleys, with the written consent of the owner, Anna Fesel, the question arises whether, even though Pagels knew of the chattel mortgage given by the Sarleys,

all the legal rights to possession on the part of the Vinjes as against both the Sarleys and Pagels had not become extinguished. Of course, there was a complete attornment as between the Sarleys and Anna Fesel and subsequently as between Pagels and Anna Fesel. The Vinjes did not sublet but as lessees they assigned their entire rights under the original lease to the Sarleys and later the Sarleys assigned their entire interest to Pagels. We think, however, having in mind the purpose and the phraseology of the Forcible Entry and Detainer Act, and the fact that the Vinjes became the purchasers of the leasehold interest of the Sarleys, and that Pagels had full knowledge of the mortgage from the Sarleys to the Vinjes, that the Vinjes were entitled to possession, and that the trial court did not err in holding Pagels guilty of unlawfully withholding the possession of the premises.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.