SOPHIE MULLER

*v.*

EMMA BALKE.

*Filed at Ottawa June 8, 1897.*

1. FORCIBLE DETAINER—*when party is a grantor in possession.* One making a deed to property owned by him but leased to tenants is a "grantor in possession," within the meaning of clause 6 of section 2 of the Forcible Entry and Detainer act, as amended in 1881, (Laws of 1881, p. 96,) though he does not himself reside upon the property.

2. SAME—*when forcible entry and detainer is a proper remedy to recover possession.* Where a grantor in possession conveys the property in trust, and the trustee conveys the same to the *cestui que trust* in accordance with the terms of the deed, the latter may bring forcible entry and detainer against the grantor's tenant in possession, who refuses to surrender.

3. EVIDENCE—*plaintiff's deeds are admissible in forcible entry and detainer.* Though questions of title cannot be tried in forcible entry and detainer proceedings, yet the plaintiff's deeds are admissible in evidence to show that the property was conveyed to him by a grantor in possession.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county, entered in a forcible entry and detainer proceeding brought by the appellee, Emma Balke, against the appellant, Sophie Muller, to recover possession of certain property located at No. 63 Cleveland street, in the city of Chicago. Edward Muller, on and prior to the 20th of December, 1889, was the owner in fee of the said lot. It was improved with a two-story building in front and a cottage in the rear. The judgment in the case awards possession of this cottage to the appellee. Both buildings were at that time occupied by tenants, appellee's husband being the tenant of the top

flat of the front house.   Edward Muller was then living with appellee and her husband at this flat.   After the 20th of December and before the end of January he married one Magdalena Hubacher, and in anticipation of the marriage appellee and her husband vacated the top flat. Magdalena died within two years of her marriage to Edward Muller, and Edward in the course of time (in 1892) married Sophie Muller, the appellant here and defendant below, and in May, 1895, died in the cottage in the rear of the lot, where he and Sophie had lived for some time, leaving her surviving.   Deceased made a will, now duly proved in the probate court, leaving everything to his widow, the appellant.

Appellee's claim is founded upon two supposed deeds: one a deed of trust from the deceased, dated December 20, 1889, to one Gloeckler, trustee, and one dated May 20, 1895, after the death of Edward Muller, by the trustee to appellee.   The deed of trust purports to convey this lot and its improvement to the trustee upon trusts *inter alia:* First, for the grantor for life;   second, after his death, if Magdalena Hubacher, whom he is about to marry, survives him as his widow, said Magdalena is to occupy the rear house, and draw the rents from the lower flat of the front house;   third, during the life of Magdalena, Emma Balke, daughter of C. J. H. Muller, is to occupy the top flat of the front house, etc.;   fourth, after the death of said Edward Muller, if he should die unmarried, to said Magdalena Hubacher, or after the death of said Magdalena, if she should survive said Edward as his widow, then said trustee, Gloeckler, shall convey said property by good and sufficient deed to Emma Balke, her heirs and assigns, in fee simple.   The deed from the trustee is in the usual quit-claim form.

HENRY N. STALTENBERG, and SULLIVAN & MCARDLE, for appellant.

LACKNER & BUTZ, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is contended by appellant in the argument:   First, that to maintain this form of action under the statute, proof of an actual possession—one *pedis possessio*—by Edward Muller when he executed the deed of trust was necessary, and that a constructive possession by tenant was insufficient;  second, that, the action of forcible detainer being a possessory one, the question of the devolution of title under the trust deed could not be litigated in it; and third, that under a correct construction of the deed of trust appellee acquired no title whatever.

The sixth clause of section 2 of chapter 57 of our statute entitled "Forcible Entry and Detainer," provides: "When lands or tenements have been conveyed by any grantor in possession or sold under the judgment or decree of any court in this State,   *   *   *   and the grantor in possession or party to such judgment or decree,   *   *   *   after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto or his agent," the person entitled to the possession of such lands or tenements may be restored thereto.

It is not disputed that Edward Muller, on and prior to December 20, 1889, was the owner in fee of the property in question located at No. 63 Cleveland street, Chicago.   The property was improved—a two-story building in front and a cottage in the rear.   On the 20th day of December, 1889, both of the buildings were occupied by tenants of Edward Muller, who was residing with one of the tenants on the property.   This was the situation of the property at the time the deed of trust was executed by Edward Muller, December 20, 1889, and the first question to be determined is, whether he is to be regarded a grantor in possession, within the meaning of the Forci-

ble Entry and Detainer act, *supra.* By the execution of the trust deed he became a grantor. Was he in possession of the property? If he was, then he was a grantor in possession.

There are different kinds of possession and different modes of being in possession of real property. Where a person owns one hundred and sixty acres of land and resides upon and cultivates the land he is in possession. But he is not required to reside on the land to be in possession. He may rent the land to a tenant and reside away from the property and still be in possession. The same is true in regard to a town lot. A person may improve a part of a tract of land, and the improvement of a part, with a deed for the entire tract, will constitute possession of the whole. Actual residence is not required to constitute possession. (*Coleman* v. *Billings*, 89 Ill. 183.) In *Hubbard* v. *Kiddo*, 87 Ill. 578, it was held not necessary that land should be enclosed with a fence, or that a house should be erected thereon, or that it should be reduced to cultivation, to constitute possession. Here, when Edward Muller improved his property by erecting buildings upon it he was in possession of the property, and he was not required to reside on it to retain that possession, but, if he saw proper, he was at liberty to rent the property to any tenant he chose, and the possession of the tenant would, in contemplation of law, be the possession of the landlord. When, therefore, he made the deed of trust he was a grantor in possession,—as much so as if he had resided on the lot in person.

The trust deed contained the following provision: "Fourth—After the death of the said Edward Muller, if he should die unmarried, the said Magdalena Hubacher, or after the death of said Magdalena, if she should survive said Edward as his widow, then said trustee, Charles S. Gloeckler, shall convey said property by good and sufficient deed to Emma Balke, her heirs and assigns, in fee simple." Under this clause in the deed the trustee

conveyed to Emma Balke, the appellee, and she thus became the grantee of Edward Muller, and under the statute the action was properly brought against the appellant, who was in under Edward Muller and refused to surrender possession. *Jackson* v. *Warren,* 32 Ill. 331; *Rice* v. *Brown,* 77 id. 549; *Kratz* v. *Buck,* 111 id. 40.

It is next contended, as the action of forcible detainer is merely a possessory one, that the question of passing of title under the trust deed cannot be litigated in that action. It may be conceded that the question of title cannot be tried and determined in an action of this character. That, however, was not attempted. The appellee, however, had the right to prove on the trial that the property in question had been conveyed by a grantor in possession, and for that purpose she had the right to read in evidence the trust deed from Edward Muller to Charles S. Gloeckler, and the deed from Gloeckler, the trustee, to the appellee. There was no other method of proving a conveyance, and unless that method could be availed of, the statute authorizing an action in such cases would be a nullity.

In *Kratz* v. *Buck, supra,* where an action of forcible detainer was brought by a purchaser at a judicial sale, the same question was raised, and we held, that while title could not be tried in that action, nevertheless plaintiff had the right to put in evidence a valid judgment, execution and sheriff's deed. The same statute was involved there as here, and the decision there is in point here.

But it is said, appellee acquired no title under the deed of trust. The deed was before this court in *Muller* v. *Balke,* 154 Ill. 110, where the grantor, Muller, undertook in a court of equity to set the deed aside. The deed was there held to be valid, and a decree dismissing the complainant's bill for the want of equity was sustained.

It is, however, insisted in the argument, that the word "unmarried," in the fourth clause of the deed of trust, means never having been married, and hence the

trustee had no authority to make the deed to appellee. Giving the words of the fourth clause of the deed their ordinary meaning, we think it plain the construction contended for cannot be sustained. On the other hand, we are of the opinion that the grantor intended, by the use of the word "unmarried," that he should be unmarried at the time of his death,—in other words, not have a wife at the time of his death. In that event the trustee was to convey to appellee. In regard to the meaning of the word, the American and English Encyclopedia of Law (vol. 27, p. 697,) says: "Its primary meaning is, never having been married. But the term is a word of flexible meaning, and slight circumstances, no doubt, will be sufficient to give the word its other meaning of not having a husband or wife at the time in question." In the following cases the word "unmarried" has been held to mean "not having a husband or wife at the time in question:" *Clark* v. *Colls,* 9 H. L. Cas. 601; *Pratt* v. *Matthew,* 22 Beav. 328; *Mitchell* v. *Kahls,* 29 L. J. Ch. 403; *Day* v. *Barnard,* 30 id. 220; *In re Sanders' Trusts,* L. R. 1 Eq. 675. Moreover, to give the word as used in the deed in question the meaning contended for would lead to an absurdity. The deed shows upon its face that it was executed in contemplation of marriage to Magdalena Hubacher at once, and the evidence shows that the intended marriage was consummated. Why should the grantor go to the trouble and expense of making a deed of trust providing for a certain disposition of property if he never should be married when he had made all arrangements to be married, and expected to marry the very next day? The proposition is absurd.

We are satisfied the proper construction was placed on the deed by the Appellate Court, and the judgment will be affirmed.          *Judgment affirmed.*