## Helen M. Gardner et al., Impleaded, etc., v. Morris Cohn et al.

1. NOTICE—*To Subsequent Incumbrancers—Record of Mortgages Which Do Not State the Amount They Are Given to Secure.*—The record of a mortgage, although it fails to state with certainty the amount of the indebtedness it is given to secure, is still sufficient as notice to a subsequent incumbrancer if it states sufficient facts from which the amount of such indebtedness can be ascertained by simple computation.

2. CHANCERY PRACTICE—*Where a Cross-bill is Unnecessary.*—The rights of the holder of a junior mortgage, when made a party to a proceeding to a foreclose a prior mortgage, can be fully protected in the decree, without a cross-bill.

3. SAME—*Fixing the Time of Payment in the Decree Not Essential.*—While it is the usual and better practice in this State to fix the time for the payment of the amount found due by the decree in foreclosure proceedings, yet in the absence of a statutory provision, it is a matter of discretion with the court.

**Foreclosure.**—Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed April 11, 1901.

EDDY, HALEY & MUNROE, attorneys for appellants.

CHARLES B. CHEADLE, attorney for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a bill in equity, filed by appellees against appellants, to foreclose a mortgage given by Goodman Greenbaum and wife to appellees, dated January 12, 1894, upon certain premises in Joliet, which was recorded January 16, 1894. The bill alleged that the mortgage was given to secure a note for $6,000 with interest thereon at the rate of seven per cent per annum, the interest to be paid every three months according to certain coupon notes attached thereto for $105 each, payable three months apart and being each for three months' interest. The principal note, when produced, was for $6,000, but the mortgage itself did not state what amount the mortgage was given to secure. On February 18, 1896, Greenbaum and wife mortgaged the

Gardner v. Cohn.

same property to appellant Helen M. Gardner, to secure the payment of a certain note for $1,000. On April 10, 1896, Greenbaum and wife conveyed the equity in the same premises to Dena Moses, reserving, however, a right of homestead. Helen M. Gardner, Dena Moses and certain judgment creditors were made parties defendant, none of whom answered but Helen M. Gardner. She answered, setting up a claim to a first lien on the premises under her mortgage, and she also filed a cross-bill setting up the same claim. All the other defendants were defaulted. Appellees answered the cross-bill. The cause came on for a hearing upon the original bill, cross-bill and answers severally filed thereto, and upon testimony produced upon such hearing. The court decreed in favor of the appellees, complainants in the original bill, finding the amount due to be $6,999.82, besides $50 as solicitor's fees. The cross-bill of Helen M. Gardner was dismissed; the master in chancery was ordered to make sale of the property, or so much thereof as might be necessary to satisfy the claim of the complainants, which he was directed to pay, together with the costs of suit, and the surplus, if any remained, he was ordered to bring into court without delay to abide further order of the court. From this decree the defendants, Helen M. Gardner and Goodman Greenbaum, prosecute an appeal to this court. The first ground urged for reversal on the part of Mrs. Gardner is, that the mortgage of appellees did not state with certainty the amount intended to be secured thereby; that she had no actual notice of the mortgage but only constructive notice thereof by the record, and that in order to be bound thereby it should have stated with certainty the amount of the mortgage indebtedness. We do not think this objection is well taken. The maxim "*Id certum est quod certum reddi potest*," is one which applies to this case. The record of the mortgage informed Mrs. Gardner that the amount secured was such a sum as, at seven per cent per annum, would produce annual interest amounting to $420 per year, or four times $105, the face of the coupon notes which were each given for

three months' interest. . This clearly appeared in the record of the mortgage, to which Mrs. Gardner in common with the general public had full access. A very simple computation would.have placed her in full possession of the facts. The simple problem presented was: Given the time, rate per cent and interest, to find the principal. This was a question so easy of solution that any school boy having mastered the first principles of percentage could have answered it in a moment. The description of the debt secured was given with substantial accuracy and this is all that the law required. It was complete enough to enable a party interested to ascertain the facts, and put him upon inquiry, and was not such as to mislead or deceive as to the nature and amount of the debt. On this point we think the decree was right. It is next urged that it was error for the court to dismiss the cross-bill for want of equity. The principal object of the cross-bill was to obtain. a priority for the second mortgage. This point having been decided against Mrs. Gardner it was proper to dismiss her cross-bill, because her rights as a junior mortgagee would be fully protected without any cross-bill. (Soles v. Sheppard, 99 Ill. 616; see also, 2 Jones on Mortgages, Sec. 1579.) The direction to the master to bring the surplus moneys into court was a sufficient protection of Mrs. Gardner's rights, as in subsequent proceedings the court would order them paid to the party shown to be entitled thereto. There were judgment creditors, some of them apparently prior in point of right to Mrs. Gardner. As recited in the decree the court was not then sufficiently informed to determine the priorities of the several parties defendant, and that question was expressly reserved for a further hearing. The court was not.bound at that time to determine the question of priorities between the defendants, as in the event that no surplus should remain the labor would have been wholly unnecessary. There was no error in this part of the decree.

The alleged error relied upon by appellant Greenbaum for a reversal of the decree, is that the court fixed no time within which he could pay the amount found due by the decree and thus avoid a sale of the mortgaged property.

We are of opinion this was not reversible error. While the usual and we think the better practice in this State is, to allow such time, yet in the absence of any statutory provision requiring it, this is a matter of discretion with the court. (2 Jones on Mortgages, Sec. 1586; Eslava v. Bepretre, 21 Ala. 504; Mussina v. Bartlett, 8 Port. (Ala.) 277.)

The practice of requiring a date to be fixed within which payment may be made originated in cases of strict foreclosure where, in default of payment, title passed without a sale.

Finding no reversible error in the decree it will be affirmed.