## Melvin Knox, Appellant, v. Joseph Hunter, Appellee.

### Gen. No. 5,193.

1. APPEALS AND ERRORS—*when freehold involved.* If it is essential that the Appellate Court determine where the title to real estate rests, a freehold is involved and it has no jurisdiction of the cause.

2. FORCIBLE ENTRY AND DETAINER—*when does not lie.* Held, that the plaintiff who had never been in possession of the land in question or entitled to such possession prior to the institution of the action, could not maintain forcible entry and detainer.

3. TRUSTS—*particular transaction construed.* Held, that a deed and written agreement in question in this case considered as one transaction, did not constitute and appoint a trustee with full power to sell the lands in question and to dispose of the proceeds thereof.

4. ESTOPPEL—*when, in pais, affecting permanent interests in land can be availed of.* An estoppel *in pais* can be availed of only in a court of equity and cannot be availed of in ejectment or forcible entry and detainer.

Forcible detainer. Appeal from the Circuit of Knox county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

WILLIAMS, LAWRENCE, WELSH & GREEN, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is a suit in forcible detainer brought by ap-

pellant against appellee to recover a certain lot 4, containing twelve acres, of a certain subdivision of real estate in Knox county. At the close of all the evidence the court directed a verdict for defendant. On that verdict a judgment was rendered for appellee, from which plaintiff below appeals. The clerk's record recites the entry and overruling of a motion for a new trial, but the bill of exceptions does not contain any such motion, nor the ruling of the court thereon, nor any exception thereto. Such matters as can only be preserved for review by an exception to the denial of a motion for a new trial are therefore not presented by this record.

Under date of December 5, 1896, R. H. Harper and wife conveyed these premises to Hugh A. Sloan at the request of appellee. Some kind of a declaration of trust was executed by Sloan at that time. The instrument seems to have been afterwards destroyed upon the execution of other instruments hereinafter mentioned. Oral evidence was introduced as to the provisions of that trust agreement. Appellant claims under a deed from Sloan, and it is contended in his behalf that the trust so created in Sloan at the time of the Harper conveyance was an active trust, and that, by virtue thereof, Sloan had authority to make the conveyance to Knox. It is contended by appellee that the trust thereby created in 1896 was a dry trust, and that, under the statute, the title vested at once in appellee, and that Sloan had thereby no authority to convey the premises. If these questions were material, we should doubt our authority to entertain this appeal, because it involves the question whether, by these papers, the title rested in Sloan or passed to Hunter, the appellee, which is a question of freehold. But we regard this as immaterial because of the subsequent acts of the parties.

On October 14, 1907, Hunter conveyed these premises to Sloan, and there was executed, as part of the same transaction between Hunter and Sloan, an instrument in writing as follows:

"It is hereby agreed by and between Joseph Hunter of Salem Township, Knox County, Illinois, and Hugh A. Sloan of same place, that the said Joseph Hunter is to pay on January 1, 1908, the sum of Five Hundred ($500.00) on the indebtedness now standing against the twelve acres of land occupied by the said Joseph Hunter, title of which is in the said Hugh A. Sloan, with interest on the entire debt at that time; and also agrees to pay five hundred dollars ($500.00) on the first of each succeeding January, until the entire debt is paid, and to pay the interest annually on the sum remaining unpaid, and in case the said Joseph Hunter fails to pay said five hundred dollars ($500.00) on January 1, 1908, or any future payment to be made, together with interest due, then the said Hugh A. Sloan is to sell the said twelve acres of land at private or public sale for the best price obtainable; to pay off the indebtedness against said land, and all expenses of the same, and pay over to the said Joseph Hunter whatever balance remains in his hands, and Hunter executes a Quit Claim Deed to the said Hugh A. Sloan releasing all claim or all interest of whatsoever character in and to said land. In witness whereof we have hereunto set our hands and seals this 10th day of October, 1907.

JOSEPH HUNTER [SEAL]    HUGH SLOAN [SEAL.]"

At the time this was executed, if we understand the evidence, the former instrument of trust was destroyed. We conclude that the effect of the former instrument was thereby cancelled and that what Sloan thereafter did, he did by virtue of this paper. On February 29, 1908, Sloan and wife conveyed these premises to appellant for $2,250 and appellant assumed a certain mortgage upon the premises executed by Sloan, and paid the balance therefor in cash, and on August 15, 1908, demanded possession of the premises from appellee and, the premises not being surrendered, began this suit in forcible detainer.

Section 2 of the Forcible Entry and Detainer Act authorizes such a suit to be maintained under various conditions, the only one of which possibly applicable to this case being the 6th, as follows:

"When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the grantor in possession or party to such judgment or decree, or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent."

Sloan had never been in possession, neither had Harper. These lands had not been sold under any judgment or decree. We held in Aurner v. Pierce, 106 Ill. App. 206, that forcible detainer could not be maintained where the party suing had never been in possession, the language of the first part of section 2, being that the person entitled to possession "may be restored thereto."

But the material question in this case is, when the deed from Hunter to Sloan and the written agreement between Hunter and Sloan are considered together as one transaction, what was the nature of the conveyance? Appellant contends that thereby Sloan became the trustee of Hunter with full authority to sell these lands and dispose of the proceeds as in that written agreement provided, and he relies upon Cherry v. Greene, 115 Ill. 591; Muller v. Balke, 167 Ill. 150; and Dickson v. N. Y. Biscuit Co., 211 Ill. 468. We do not regard these cases as in point. In Cherry v. Greene, *supra,* the grantor conveyed the premises to a trustee with power and direction to sell his real estate, and from the proceeds to pay his debts, to support his family, and to make certain disposition thereof after his death till the death of his wife and then a certain other disposition thereof till the death of his children and then a final disposition. This was an active trust, and the trustee had no interest as creditor. The case of Muller v. Balke, *supra,* also imposed duties upon the trustee which had no connec-

tion with any indebtedness to the trustee. The case of Dickson v. N. Y. Biscuit Company, *supra,* related to a power in a will. At the time these instruments before us were executed in 1907, there was upon the premises a mortgage for $1,000, which Sloan had given to raise money for Hunter; and Sloan had also signed various notes with Hunter to enable Hunter to procure money, and Sloan had also advanced money to pay taxes upon this property. Sloan, therefore, was a creditor of Hunter, and these debts and these alone are the debts referred to in said agreement, and which Hunter therein agrees to pay to Sloan at certain times therein stated, and these two instruments together cannot be construed as anything else than a conveyance by the debtor to the creditor, with an agreement that the purpose of the conveyance is to secure the debt. There is no distinct agreement that Sloan will re-convey when the debt is paid, but that is clearly implied. This, therefore, is a case of a mortgage, with authority in the mortgagee to sell the premises out of court to pay the debt in case of default. The Act of 1879, paragraph 22 of chapter 95, Hurd's Revised Statutes, forbids the sale of any real estate by virtue of any such power of sale in any mortgage, but requires the same to be foreclosed only pursuant to the judgment or decree of a court of competent jurisdiction. This sale to appellant was therefore ineffective to make him the owner in fee of the premises. Whether it would be treated as void or as making him a succeeding trustee is immaterial. He bought with full knowledge of the agreement of December 10, 1907, although the same was not recorded. A mortgagee cannot maintain forcible detainer against the mortgagor upon non-payment of the debt. West v. Frederick, 62 Ill. 191.

Appellant introduced proof showing that shortly before he completed the purchase of the premises from Sloan, he had a talk with appellee, in which appellee said the sale was all right, and that appellant could move into a part of the premises at a certain time

and that appellee would get out by a certain other time. The only result this proof could have would be to create an estoppel *in pais* against appellee. It was held in St. Louis Stock Yards v. Wiggins Ferry Co., 102 Ill. 514; Winslow v. Cooper, 104 Ill. 235, B. & O. & C. R. R. Co. v. I. C. R. R. Co., 137 Ill. 9-34; Wright v. Stice, 173 Ill. 571, and Grubbs v. Boon, 201 Ill. 98, that an estoppel *in pais* affecting a permanent interest in land can be availed of only in a court of equity and cannot be availed of in ejectment or forcible entry and detainer or forcible detainer.

We are of opinion that plaintiff cannot maintain this action upon the facts stated in this record. The judgment is therefore affirmed.

*Affirmed.*