CARL WILLIAMS *et al.* Plaintiffs in Error, *vs.* CORA WILLIAMS *et al.* Defendants in Error.

*Opinion filed December 22, 1915.*

1. REAL PROPERTY—*deed and bond for deed do not constitute a common law mortgage.* While an absolute deed, together with a bond for deed given at the same time by the grantee to the grantor, obligating the grantee to re-convey the premises to the grantor upon performance of the conditions of the bond, will, under certain circumstances, be deemed a mortgage for the purpose of permitting redemption by the grantor, yet the deed and bond for deed do not constitute a common law mortgage nor does the legal title remain in the grantor.

2. SAME—*effect of assignment and delivery of a bond for deed given by loan association.* Where a building and loan association takes a deed to premises and delivers a bond for deed to the grantor, conditioned upon his making the payments specified by the bond, the legal title to the land is in the building and loan association and the equitable title is in the grantee, who may transfer the same to his wife by assignment and delivery of the bond even though the assignment is not under seal, and in case of his death the wife may demand a deed upon performance of the conditions of the bond.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

LESLIE J. OWEN, and STONE & DICK, for plaintiffs in error.

HERRICK & HERRICK, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 2, 1905, James M. Williams borrowed from the LeRoy Building and Homestead Association $600. As evidence of such loan and of the manner in which it was to be re-paid Williams executed and delivered to the building and homestead association an instrument denominated a mortgage bond, which provided for the re-payment of the $600, together with interest and premium thereon, in weekly and monthly installments. Williams was the owner of lot 1, in block 3, in the original town of LeRoy, in McLean county, and to secure said bond he, together with his wife, Cora A. Williams, on the said second day of September, 1905, executed and delivered a warranty deed conveying said lot to the building and homestead association for the expressed consideration of $600. Thereupon, on the same day and as a part of the same transaction, the building and homestead association executed and delivered to Williams a bond for deed, whereby it covenanted and agreed to execute and deliver to Williams, his heirs or assigns, a warranty deed to said lot upon receiving all the payments specified in said mortgage bond, which payments were also fully set out in the bond for deed. Williams made all the payments required by the mortgage bond and bond for deed up to January 10, 1913. On that day, in the presence of a witness, he indorsed on the bond for deed the following: "I hereby assign all my interest in the within bond to my wife, Cora A. Williams," and signed his name thereto, and, thus indorsed, delivered the bond for

deed to his wife, Cora A. Williams. Soon thereafter, and during the first week in February, 1913, Williams died intestate, leaving him surviving Cora A. Williams, his widow, and Carl Williams, Ruth Neal and Emma Gladys Williams, his children, as his only heirs-at-law. On April 13, 1913, two of his children, namely, Carl Williams and Ruth Neal, filed their bill for partition in the circuit court of McLean county against Cora A. Williams, Emma Gladys Williams and the LeRoy Building and Homestead Association, alleging that James M. Williams was at the time of his death seized in fee simple of the lot above described, subject to an incumbrance held by the building and homestead association, and that upon his death, intestate, the title to said lot descended to and vested in his children, subject to the dower of Cora A. Williams and the incumbrance held by the building and homestead association. Cora A. Williams answered the bill, setting up the conveyance of said lot by James M. Williams to the building and homestead association on September 2, 1905, to secure the sum of $600, the execution and delivery to Williams by the building and homestead association of the bond for deed, and the assignment and delivery of the bond for deed to her in January, 1913, and alleging that she thereby became seized in fee simple, in equity, of the title to the premises, subject to the rights of the building and homestead association, and is now the owner in fee simple and in the actual possession of the premises. Thereafter she filed a cross-bill, praying that she be declared to be the owner in fee simple, in equity, of said lot, subject to the payment of the balance due the building and homestead association. The master to whom the cause was referred found that under and by virtue of the assignment of the bond for deed by James M. Williams to his wife, Cora A. Williams, the latter became vested with the right to demand a deed to said lot from the building and homestead association upon paying to said association the balance due according to the terms of said bond for deed, and that

the children of James M. Williams have no right, title or
interest in or to the premises.   The court overruled the
exceptions filed by the complainants in the bill for partition
to the master's report and entered a decree in accordance
with the master's findings and dismissed the bill for parti-
tion for want of equity.   Carl Williams and Ruth Neal
have sued out a writ of error from this court seeking a
reversal of the decree of the circuit court.

Plaintiffs in error contend that the deed of September 2,
1905, from James M. Williams and wife to the LeRoy
Building and Homestead Association, and the bond for deed
given by the building and homestead association to Wil-
liams, must be taken together and construed as a single in-
strument, and when so considered they amount, in law, to
a mortgage; that in this State the mortgagor retains the
legal title to mortgaged premises, and his title can be trans-
ferred only by an instrument under seal and sufficient in
form to pass the legal title to real estate; that the indorse-
ment made by Williams on the bond for deed is not under
seal and is not sufficient in form to pass the legal title to
real estate, and that Cora A. Williams did not, by the as-
signment and delivery of the bond for deed to her, acquire
the title to the premises but such title remained in James
M. Williams, and upon his death, intestate, descended to his
heirs-at-law.   It is true, as plaintiffs in error contend, that
in the case of a common law mortgage the mortgagor is the
legal owner of the mortgaged property as against all per-
sons except the mortgagee or his assigns.   (*City of Chicago
v. Sullivan Machinery Co.* 269 Ill. 58.)   The mortgagor's
interest in the land may be sold under execution; his widow
is entitled to dower in it; it passes as real estate by devise;
it descends to his heirs as real estate upon his death, in-
testate; he may maintain an action for the land against a
stranger and the mortgage cannot be set up as a defense.
On the other hand, the mortgagee has no such estate as can
be sold under execution; his widow has no right to dower

in it; upon his death the mortgage passes to his personal representative as personal estate and passes by his will as personal property. The mortgagor may convey his title or mortgage it to successive mortgagees, and his grantee or mortgagee will succeed to his estate and occupy his position, subject to the incumbrance. (*Lightcap* v. *Bradley,* 186 Ill. 510.) It is also well settled as the law of this State that the legal title to real estate can only be transferred by an instrument under seal. (*Barger* v. *Hobbs,* 67 Ill. 592; *Barrett* v. *Hinckley,* 124 id. 32; *Irwin* v. *Powell,* 188 id. 107.) If plaintiffs in error's theory that the deed from Williams to the building and homestead association and the bond for deed from the building and homestead association to Williams together amounted to a common law mortgage were correct, Cora A. Williams would not, by virtue of the assignment of the bond for deed to her, have obtained any right, title or interest in the premises which would be recognized in a court of law, because the assignment was not under seal, and, the indorsement and delivery of the bond for deed by Williams to her being without consideration and therefore an attempt to make a gift of the land, equity would not aid the defective gift. *Barnum* v. *Reed,* 136 Ill. 388; *McCartney* v. *Ridgway,* 160 id. 129.

While an absolute conveyance, together with a bond given at the same time by the grantee to the grantor obligating the grantee to re-convey the premises to the grantor upon performance of certain conditions specified in the bond, will, under certain circumstances, be deemed a mortgage for the purpose of permitting a redemption of the premises by the grantor, the deed and bond for deed do not, when taken together, constitute a common law mortgage, nor does the legal title to the premises remain in the grantor in the deed. The legal title passes to the grantee, but in equity he is regarded as holding the legal title in trust for the purpose of securing the performance by the grantor of the conditions specified in the bond. In *West* v. *Reed,* 55

Ill. 242, in considering a similar question, it was said: "We do not, however, assent to the position which we understand counsel for appellee to assume, that when the original transaction between the parties has not been in form a mortgage but an absolute deed, with a bond to re-convey on the payment of the money at a specific time, the right of redemption cannot be extinguished except by an instrument which will operate as a technical conveyance of the mortgagor's estate in the land. He undoubtedly has an estate which will pass by descent or devise or by deed. But it is nevertheless a purely equitable estate,—that is to say, an interest in the land based upon equitable grounds and which a court of chancery will protect and enforce when equitable considerations demand. But he has nothing more. The legal title has gone to his grantee by means of a deed absolute upon its face. If the deed, as in the present case, was made to secure a loan of money and a bond or contract to re-convey is taken, the transaction, in a court of equity, is regarded only as a mortgage. But we repeat, the naked legal title has vested in the grantee, and if such transactions subsequently occur between the parties as would render it inequitable that the grantor should be permitted to redeem, a court of equity will, of course, refuse to aid him, as it will always refuse its aid to perpetrate a wrong. It is wholly immaterial whether he has executed a technical release of his equitable interest to the grantee or not." In the case at bar, when Williams assigned the bond for deed to his wife, his rights in the premises were purely equitable and would pass by assignment and delivery of the bond for deed. No equitable grounds are disclosed which would justify a court of equity in setting aside this assignment in favor of the children of James M. Williams. They rely upon no equitable grounds to obtain the relief which they seek, but their sole contention is that, notwithstanding the fact that it was the desire of their father to transfer all his right, title and interest in the premises to his wife, he failed to accomplish

his purpose by the instrument which he executed. At the time the assignment was made the LeRoy Building and Homestead Association held the legal title to the premises, and the assignment of the bond for deed was sufficient to transfer to Cora A. Williams the equitable title held by James M. Williams.

The decree of the circuit court was proper and is accordingly affirmed.        *Decree affirmed.*