West Side Trust & Savings Bank, Appellant, v. H. Gerstein, Appellee.

Gen. No. 36,453.

Opinion filed April 10, 1933.

JOHN M. LEE and EARL V. BROWN, for appellant; THOMAS J. CARROLL, of counsel.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against the defendant to recover possession of an apartment. At the close of the evidence there was a finding and judgment in defendant's favor, and plaintiff appeals.

Plaintiff was the trustee in a deed of trust conveying the premises securing an indebtedness of $45,000. There was default in the payment of an instalment of principal and also in the payment of interest, and by reason of such defaults plaintiff, in accordance with the terms of the trust deed, served notice on the defendant tenant that plaintiff under the terms of the trust deed elected to collect the rents from the tenants and notified the defendant to pay the rent to it. The rent not having been paid, plaintiff served a written notice on defendant demanding immediate possession of the apartment, and defendant having failed to comply with such notice, the instant action was brought.

The evidence further shows that plaintiff employed a janitor and furnished coal and endeavored to take possession of the entire building. Jacob Pollack, one of the mortgagors named in the trust deed, called by the defendant, testified that he was the owner of the building in which the apartment in question is located; that he did not authorize plaintiff to hire a janitor or to buy coal or to collect any rents from the tenants.

No brief has been filed on behalf of defendant, but an examination of the record discloses that the court based his decision on the case of *Rohrer v. Deatherage,* 336 Ill. 450, from the syllabus of which he read the following: "Upon default in the condition of a mortgage the mortgagee may sue the mortgagor in assumpsit for a judgment upon the personal obligation, he may sue in equity for the foreclosure of the mortgage, or he may recover possession of the mortgaged property by an action of ejectment; and these remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously." It is apparent that the court was of the opinion that the three remedies mentioned in the above quotation were all the remedies available to plaintiff in any circumstances. We think this is a misapprehension. In the *Rohrer* case the court was not deciding that in no circumstances could the mortgagee have any other remedy. Obviously the court was not considering the question before us, namely, whether the trustee in a trust deed upon condition broken, where the rents and profits are pledged as security for the indebtedness, might not maintain forcible detainer in case the tenant refused to pay the rent to the trustee after proper notice.

So far as we are advised, neither this court nor the Supreme Court of this State has passed squarely on this question. But the underlying principles have all been passed upon many times. In the *Rohrer* case, *supra* (336 Ill. 450), the court said (p. 454): "In this State a mortgagor is the legal owner of the mortgaged premises against all persons except the mortgagee and his assigns. (*Williams v. Williams,* 270 Ill. 552; *City of Chicago v. Sullivan Machinery Co.,* 269 id. 58; *Seaman v. Bisbee,* 163 id. 91; *Barrett v. Hinckley,* 124 id. 32; *Emory v. Keighan,* 88 id. 482; *Hall v. Lance,* 25 id. 277.) While a mortgage conveys a title as between the

mortgagor and the mortgagee, it is only a qualified title as security for the creditor during the existence of the debt, and the mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. (*Theiner v. Speckin,* 290 Ill. 181; *Fitch v. Pinckard,* 4 Scam. 69.) After condition broken, however, the mortgagee is, as between him and the mortgagor, the owner of the fee.'' And continuing the court said (p. 455): ''Upon default in the condition of the mortgage the mortgagee has the right to possession against the mortgagor, his grantee, lessee or anyone claiming under him by any right.'' And in *Lightcap v. Bradley,* 186 Ill. 510, it was said (p. 520): ''For the purpose of protecting and enforcing his security the mortgagee may enter and hold possession by virtue of his title and take the rents and profits in payment of his mortgage debt. . . . When the rents and profits have paid the mortgage debt, both the title and right of possession of the mortgagee are at an end.''

Under the authorities cited, where a trust deed conveys the rents as security for the indebtedness upon condition broken, the trustee may take possession of the premises, collect the rent and apply it on the indebtedness. And if the rents collected by him are sufficient to pay the indebtedness both the title and right of possession in the trustee are at an end; and this is especially true in the instant case where the trust deed provides that in case of default the trustee may enter upon and take possession of the mortgaged premises and lease the same or any part thereof, etc. If a trustee in such circumstances is entitled to possession and to the rents, may he maintain an action of forcible detainer where the tenant refuses to pay rent or to vacate the premises? We think this question must be answered in the affirmative. Section 2 of the Forcible Entry and Detainer Act, ch. 57, Cahill's 1931 St., pro-

vides that the person entitled to the possession of lands or tenements may maintain an action to obtain possession of the land or tenements. *"Second*—When a peaceable entry is made, and the possession unlawfully withheld. . . . *Fourth*—When any lessee of the lands or tenements, . . . holds possession without right, after the determination of the lease or tenancy by its own limitation, . . . or by notice to quit, or otherwise."

We think the instant case comes within the provisions of the second and fourth paragraphs of section 2, above quoted. The defendant was a tenant in the apartment in question and therefore his entry was peaceable, but when he refused to pay rent or surrender possession to plaintiff he unlawfully withheld possession from plaintiff. Plaintiff therefore comes within the second paragraph and may maintain an action in forcible detainer; and by the fourth paragraph of section 2 it is provided that where the lessee holds possession without right after the termination of his tenancy, an action of forcible detainer will likewise lie. By this paragraph also plaintiff was entitled to maintain the instant case.

The judgment of the municipal court of Chicago is reversed and the cause remanded with directions to that court to enter judgment in favor of plaintiff and against defendant.

*Reversed and remanded with directions.*

McSurely, P. J., and Matchett, J., concur.