Cody Trust Company, Appellant, v. Adam A. Dittmar and Laura B. Dittmar, Appellees.

Gen. No. 36,462.

168

Opinion filed October 25, 1933.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for appellant; VINCENT O'BRIEN and ALFRED E. WILLISTON, of counsel.

ROBERT H. STOLL and WALTER A. BRENDECKE, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

Cody Trust Company, a corporation, as trustee in a trust deed in the nature of a mortgage brought its action in forcible entry and detainer under the provisions of clause 6, paragraph 2 of the Forcible Entry and Detainer Statute, Cahill's St. ch. 57, ¶ 2, after a written demand for possession and after default by the mortgagors in payment of a portion of the indebtedness before any suit or foreclosure on the notes or other proceedings were instituted. The judgment was in favor of the defendant.

The only question involved is whether or not a mortgagee or a trustee in a trust deed can maintain forcible entry and detainer in the first instance to obtain possession of the mortgaged premises. The question appears to be one of first instance and no authorities by the Supreme Court of this State directly in point have been cited.

The Supreme Court of this State in the case of *Rohrer v. Deatherage,* 336 Ill. 450, lays down the following rule: "In this State a mortgagor is the legal owner of the mortgaged premises against all persons except the mortgagee and his assigns. (*Williams v. Williams,* 270 Ill. 552; *City of Chicago v. Sullivan Machinery Co.,* 269 id. 58; *Seaman v. Bisbee,* 163 id. 91; *Barrett v. Hinckley,* 124 id. 32; *Emory v. Keighan,* 88 id. 482; *Hall v. Lance,* 25 id. 277.) While a mortgage conveys a title as between the mortgagor and the mortgagee, it is only a qualified title as security for the creditor during the existence of the debt, and the mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. (*Theiner v. Speckin,* 290 Ill. 181; *Fitch v. Pinckard,* 4 Scam. 69.) After condition broken, however, the mortgagee is, as between him and the mortgagor, the owner of the fee."

It is the contention of the plaintiff that after default the fee is in itself, as mortgagee, and its right to forcible entry and detainer immediately attaches, as it is entitled immediately to the right of possession. The Supreme Court has recognized the right to possession on condition broken in *Rohrer v. Deatherage, supra.* In that opinion it said: "Upon default in the condition of the mortgage the mortgagee has the right to possession against the mortgagor, his grantee, lessee or anyone claiming under him by any right. In such case the mortgagee has several remedies which he may pursue to enforce the payment of his debt. He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment: These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously. (*Bradley v. Lightcap,* 202 Ill. 154; *Fish v. Glover,* 154

id. 86; *Harper v. Ely,* 70 id. 581; *Rogers v. Meyers,* 68 id. 92; *Carroll v. Ballance,* 26 id. 9; *Vansant v. Allmon,* 23 id. 26.)''

It will be noticed, however, that the Supreme Court has enumerated the manner in which the mortgagee may come into possession of the mortgaged premises, but has failed to include the action of forcible entry and detainer as one of these methods of procedure. It is insisted that the reason that the action for forcible entry and detainer is not enumerated as one of the remedies by the Supreme Court, is because this particular remedy was not called to its attention. It is significant, however, that an action for forcible entry and detainer is brought for the purpose of repossessing real estate which was originally in the possession of the plaintiff.

''An action of forcible entry and detainer is strictly possessory in its nature, and, unless otherwise expressly provided by statute, a person who has never been in possession of land cannot maintain the action to obtain possession; and if he has any title or interest in the land he must, as has been stated, seek to establish it in some other form of action. Generally speaking, in order to maintain the action, it must appear that plaintiff was in peaceful and exclusive possession of the premises in controversy at the time of the acts complained of, and that he had been forcibly ousted or that possession was peaceably obtained and forcibly withheld by defendant. To sustain plaintiff's right to restitution all that need be shown is that plaintiff was in the actual possession of the property and was forcibly dispossessed by defendant.'' 26 Corpus Juris, Forcible Entry and Detainer, sec. 43, p. 816.

The Forcible Entry and Detainer Act, Cahill's Ill. Rev. St. 1933, ch. 57, ¶ 2, provides:

''The person entitled to the possession of lands or tenements may be *restored* thereto in the manner hereafter provided:'' From this provision it appears that

the Forcible Entry and Detainer Act was intended to provide a means of securing possession for some party who had previously been in possession. The clauses 1 to 5 inclusive of paragraph 2 relate to the right to repossession by a party who had previously been in possession. The 6th clause, however, appears for the first time to provide for possession by forcible entry and detainer for those who were not originally possessed of the land. This clause reads as follows:

"*Sixth*—When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the grantor in possession, or party to such judgment or decree or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

In the case of *Knox v. Hunter,* 150 Ill. App. 392, it appears that an action was brought in forcible entry and detainer to obtain possession of real estate under what appeared to be a trust deed or mortgage on the premises. After quoting clause 6 of paragraph 2 of the Forcible Entry and Detainer Act, as herein set forth, the court in its opinion in that case, said:

"Sloan had never been in possession, neither had Harper. These lands had not been sold under any judgment or decree. We held in *Aurner v. Pierce,* 106 Ill. App. 206, that forcible detainer could not be maintained where the party suing had never been in possession, the language of the first part of section 2 being that the person entitled to possession 'may be restored thereto.' "  .

The action of forcible entry and detainer being a special statutory proceeding, summary in its nature,

it follows that the statute conferring jurisdiction must be strictly construed. *French v. Willer,* 126 Ill. 611.

The property involved in this proceeding was not sold under the judgment or decree of any court in this State nor by virtue of any foreclosure sale in any mortgage or deed of trust contained. Consequently, the right, if any right there is in the plaintiff, would be in the provision that forcible entry and detainer may lie when lands or tenements have been conveyed by any grantor in possession. We do not believe that a trust deed comes within the meaning of this provision, but rather that it applies to a straight grant or conveyance by deed and failure to deliver possession in conformity with said deed or conveyance. *Peters v. Balke,* 170 Ill. 304. Particularly are we impressed with this interpretation because of the fact that in the same clause 6 of paragraph 2 of the act it is provided that, upon a foreclosure of a mortgage or trust deed and after sale and after the expiration of the time of redemption, the action will lie upon demand by the person entitled to possession under the foreclosure proceedings. It is also a well established principle that there are no equitable defenses permissible in an action for forcible entry and detainer, but such defenses are cognizable only in a court of equity. *Peters v. Balke, supra; Gardner v. Cohn,* 95 Ill. App. 26; *Kepley v. Luke,* 106 Ill. 395.

Our attention has been called to *West Side Trust & Savings Bank v. Gerstein,* 270 Ill. App. 250, a very recent case decided by the Appellate Court of this District, First Division, in which it was held that after condition broken a trustee in a trust deed could maintain an action under section 2 or 4 of the Forcible Entry and Detainer Act. This appears to be based upon the proposition that the trustee becomes the legal holder and entitled to possession. In that case the trustee sought to obtain possession from a tenant

in possession under lease from the original owner. We are of the opinion, however, that the court overlooked the proposition that forcible entry and detainer is an original action to repossess, rather than an action to obtain possession and that clauses two and four cited in that opinion under section 2 of the Forcible Entry and Detainer Act, clearly are provisions for the repossession of property where the plaintiff at one time had possession and possession unlawfully withheld. In the cause at bar plaintiff seeks to recover under the sixth clause of section 2 of the act which provides that a grantee in a deed may obtain possession. In an action of this kind the question involved is one of possession and not necessarily one of title. We are unable to agree with the reasoning contained in the case of *West Side Trust & Savings Bank v. Gerstein,* 270 Ill. App. 250, cited.

While it was unnecessary to the decision of the case, the decision in the case of *Vinje v. Pagels,* 222 Ill. App. 310, recognized the rule as laid down in *Knox v. Hunter,* 150 Ill. App. 392. We are of the opinion, therefore, that a mortgagee or a trustee in a trust deed on default or condition broken is not entitled to the benefit of the Forcible Entry and Detainer Act in seeking to obtain possession of the real estate covered by the mortgage or trust deed.

For the reasons stated, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.